## INDEX STATE COURT FILE

| | **DOCUMENT** | **FILE DATE** |
|---|---|---|
| 1. | Docket Sheet | N/A |
| 2. | Plaintiff's Original Petition and Application for Injunction Relief | 10/29/14 |
| 3. | (Proposed) Temporary Restraining Order | 10/29/14 |
| 4. | Civil Case Information Sheet | 10/29/14 |
| 5. | Certificate of Compliance for Ex Parte Relief | 10/29/14 |
| 6. | Temporary Restraining Order signed by Judge | 10/29/14 |
| 7. | T.R.O. issued on Accurate Adjustments, Inc. | 10/29/14 |
| 8. | T.R.O. issued on Coastline Recovery Services Inc. | 10/29/14 |
| 9. | T.R.O. issued on After Hours Auto Recovery | 10/29/14 |
| 10. | T.R.O. issued on Solid Solutions 24/7 Inc. | 10/29/14 |
| 11. | Plaintiff's Motion for Expedited Discovery | 10/29/14 |
| 12. | (Proposed) Order Granting Plaintiff's Motion for Expedited Discovery | 10/29/14 |
| 13. | Letter from Plaintiff's Counsel Requesting Citations | 10/31/14 |
| 14. | Citations issued on Accurate Adjustments, Inc. | 11/04/14 |
| 15. | Citation issued on Coastline Recovery Services Inc. | 11/04/14 |
| 16. | Citation issued on After Hours Auto Recovery | 11/04/14 |
| 17. | Citation issued on Solid Solutions 24/7 Inc. | 11/04/14 |
| 18. | Plaintiff's Motion to Extend Temporary Restraining Order | 11/05/14 |
| 19. | (Proposed ) Order Extending Temporary Restraining Order | 11/0514 |

1841796

1

Tarrant County - Civil

Page 1 of 5



# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | 11/5/14 4:01 PM |
|---|---|

| Cause Number: | 348-275296-14 | | Date Filed: 10-29-2014 |
|---|---|---|---|

| DIGITAL RECOGNITION NETWORK, INC. | \| VS \| | ACCURATE ADJUSTMENTS, INC, ET AL |
|---|---|---|

Cause of Action:    OTHER CIVIL, OTHER

Case Status:    PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 10-29-2014 | PLTF'S ORIG PET & APPLCTN FOR INJNCTV RELIEF | I | | | 0.00 |
| 10-29-2014 | (PROPOSED) TEMPORARY RESTRAINING ORDER | I | | | 0.00 |
| 10-29-2014 | PLTF ORIG PETITION | N | | 274.00 | |
| 10-29-2014 | COURT COST (PAID) trans #3 | Y | | | 274.00 |
| 10-29-2014 | CIVIL CASE INFO SHEET | I | | | 0.00 |
| 10-29-2014 | E-FILE TRANSACTION FEE | N | | 2.00 | |
| 10-29-2014 | COURT COST (PAID) trans #6 | Y | | | 2.00 |
| 10-29-2014 | CERT OF COMPLIANCE FOR EX PARTE RELIEF | I | | | 0.00 |
| 10-29-2014 | ***TRO (BOND SET: $2500.00 - HRG: 11/12/14 @ 8:30A | I M | | | 0.00 |
| 10-29-2014 | CASH BOND --CK # 50546 | Y | | | 2,500.00 |
| 10-29-2014 | T.R.O.-ISSUED ON ACCURATE ADJUSTMENTS INC.. H/R 11/12/2014 - 08:30-On 10/29/2014 | N | Svc | 8.00 | |
| 10-29-2014 | T.R.O.-ISSUED ON COASTLINE RECOVERY SERVICES INC.. H/R 11/12/2014 - 08:30-On 10/29/2014 | N | Svc | 8.00 | |
| 10-29-2014 | T.R.O.-ISSUED ON AFTER HOURS AUTO RECOVERY. H/R 11/12/2014 - 08:30-On 10/29/2014 | N | Svc | 8.00 | |
| 10-29-2014 | T.R.O.-ISSUED ON SOLID SOLUTIONS 24/7 INC.. H/R 11/12/2014 - 08:30-On 10/29/2014 | N | Svc | 8.00 | |
| 10-29-2014 | COURT COST (PAID) trans #14 | Y | | | 8.00 |
| 10-29-2014 | COURT COST (PAID) trans #13 | Y | | | 8.00 |
| 10-29-2014 | COURT COST (PAID) trans #12 | Y | | | 8.00 |
| 10-29-2014 | COURT COST (PAID) trans #11 | Y | | | 8.00 |
| 10-29-2014 | PLTF'S MTN FOR EXPDITED DISCVRY | I | | | 0.00 |
| 10-29-2014 | (PROPOSED) ORDR GRANTNG PLF'S MTN/EXPDTD DISCVRY | I | | | 0.00 |
| 10-29-2014 | E-FILE TRANSACTION FEE | N | | 2.00 | |
| 10-29-2014 | COURT COST (PAID) trans #21 | Y | | | 2.00 |
| 10-30-2014 | Registry Investment | Y | | | -2,500.00 |
| 10-31-2014 | LETTER REQ 4 CITATIONS | I | | | 0.00 |
| 10-31-2014 | SRVC REQUEST FORM FOR 4 CITS | I | | | 0.00 |
| 10-31-2014 | CIT-ISSUED ON ACCURATE ADJUSTMENTS INC.-On 11/04/2014 | N | Svc | 8.00 | |
| 10-31-2014 | CIT-ISSUED ON COASTLINE RECOVERY SERVICES INC.-On 11/04/2014 | N | Svc | 8.00 | |

| Date | Description | | | |
|---|---|---|---|---|
| 10-31-2014 | CIT-ISSUED ON AFTER HOURS AUTO RECOVERY-On 11/04/2014 | N | Svc | 8.00 |
| 10-31-2014 | CIT-ISSUED ON SOLID SOLUTIONS 24/7 INC.-On 11/04/2014 | N | Svc | 8.00 |
| 10-31-2014 | COURT COST (PAID) trans #29 | Y | | 8.00 |
| 10-31-2014 | COURT COST (PAID) trans #28 | Y | | 8.00 |
| 10-31-2014 | COURT COST (PAID) trans #27 | Y | | 8.00 |
| 10-31-2014 | COURT COST (PAID) trans #26 | Y | | 8.00 |
| 10-31-2014 | T.R.O.-ISSUED ON ACCURATE ADJUSTMENTS INC.. H/R 11/12/2014 - 08:30-On 11/04/2014 | N | Svc | 8.00 |
| 10-31-2014 | T.R.O.-ISSUED ON COASTLINE RECOVERY SERVICES INC.. H/R 11/12/2014 - 08:30-On 11/04/2014 | N | Svc | 8.00 |
| 10-31-2014 | T.R.O.-ISSUED ON AFTER HOURS AUTO RECOVERY. H/R 11/12/2014 - 08:30-On 11/04/2014 | N | Svc | 8.00 |
| 10-31-2014 | T.R.O.-ISSUED ON SOLID SOLUTIONS 24/7 INC.. H/R 11/12/2014 - 08:30-On 11/04/2014 | N | Svc | 8.00 |
| 10-31-2014 | COURT COST (PAID) trans #37 | Y | | 8.00 |
| 10-31-2014 | COURT COST (PAID) trans #36 | Y | | 8.00 |
| 10-31-2014 | COURT COST (PAID) trans #35 | Y | | 8.00 |
| 10-31-2014 | COURT COST (PAID) trans #34 | Y | | 8.00 |
| 10-31-2014 | E-FILE TRANSACTION FEE | N | 2.00 | |
| 10-31-2014 | COURT COST (PAID) trans #42 | Y | | 2.00 |
| 11-05-2014 | PLTF'S MTN TO EXTEND T.R.O. | I | | 0.00 |
| 11-05-2014 | (PROPOSED) ORDER EXTENDING TRO | I | | 0.00 |
| 11-05-2014 | E-FILE TRANSACTION FEE | N | 2.00 | |
| 11-05-2014 | COURT COST (PAID) trans #46 | Y | | 2.00 |

**District Clerk's Office**

Tim Curry Justice Center

401 West Belknap, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

**2**

FILED
TARRANT COUNTY
10/29/2014 2:25:02 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-275296-14 _____

| | | |
|---|---|---|
| DIGITAL RECOGNITION | ) | IN THE DISTRICT COURT |
| NETWORK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | TARRANT COUNTY, TEXAS |
| ACCURATE ADJUSTMENTS, INC.; | ) | |
| COASTLINE RECOVERY SERVICES, | ) | |
| INC.; AFTER HOURS AUTO RECOVERY; | ) | |
| and SOLID SOLUTIONS 24/7, INC., | ) | |
| | ) | |
| Defendants. | ) | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION
## AND APPLICATION FOR INJUNCTIVE RELIEF

Plaintiff Digital Recognition Network, Inc. ("Plaintiff" or "DRN"), a Delaware corporation, files this Original Petition and Application for Injunctive Relief complaining of Defendants Accurate Adjustments, Inc. ("Accurate"), Coastline Recovery Services, Inc. ("Coastline"), After Hours Auto Recovery ("After Hours"), and Solid Solutions 24/7, Inc. ("Solid") (collectively, the "Defendants"), and in support thereof respectfully states:

## I.  DISCOVERY CONTROL PLAN

1.      DRN intends for discovery to be conducted under Discovery Level 3, as set forth in Rule 190.4 of the Texas Rules of Civil Procedure.

## II.  PARTIES

2.      Plaintiff DRN is a Delaware corporation doing business within the state of Texas, with its principal place of business at 4150 International Plaza, Suite 800, Fort Worth, Texas 76109.

3.      Defendant Accurate Adjustments, Inc. is a former Licensee of DRN. Accurate is a California corporation that may be served with process by serving its registered agent, Shane Freitas, at the registered address of 1210 Auto Center Drove, Lodi, California 95240.

348-275296-14

4.      Defendant Coastline Recovery Services, Inc. is a former Licensee of DRN. Coastline is a California corporation that may be served with process by serving its registered agent, Paal H. Bakstad, at the registered address of 2619 Vanderbilt Lane, Unit A, Redondo Beach, California 90278.

5.      Defendant After Hours Auto Recovery is a former Licensee of DRN. After Hours is a California corporation that may be served with process by serving its president, Wes Englebrecht, at After Hours' business address of 1627 Lewis Brown Drive, Vallejo, California 94589.

6.      Defendant Solid Solutions 24/7, Inc. is a former Licensee of DRN. Solid is a California corporation that may be served with process by serving its registered agent, Thomas K. Porta, at the registered address of 1410 Georgia St., Vallejo, California 94590.

7.      On information and belief, other individuals and/or companies are participating in a conspiracy with one or more of Defendants herein to misappropriate Plaintiff's trade secrets, and engage in other significant misconduct. Upon further development of these facts through discovery, Plaintiff intends to join and serve such additional parties, together with any other third persons involved in such conduct and conspiracies, and pursue all available remedies and relief against such persons.

### III.    JURISDICTION AND VENUE

8.      Jurisdiction is proper in this Court because the amount in controversy is within the Court's jurisdictional limits.

9.      Venue is proper in Tarrant County, Texas, because all or a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Tarrant County, Texas. In addition, this cause arises out of each Defendant's breach of a license agreement by and between Plaintiff and each Defendant (each a "License Agreement" and collectively the "License

348-275296-14

Agreements"). The License Agreements each contain a provision providing for exclusive jurisdiction as to any dispute broadly arising out of such Agreement to be in either state or federal court in Tarrant County, Texas. Each Defendant contractually submitted to the personal jurisdiction of such court for any License Agreement-related lawsuit. Therefore, both jurisdiction and venue are proper in this Court.

## IV.   CLAIM FOR RELIEF

10.    Pursuant to Texas Rule of Civil Procedure 47, DRN currently seeks monetary relief over $1,000,000, plus non-monetary relief, and reserves the right to replead and seek additional amounts discovered and/or incurred.

## V.   FACTUAL BACKGROUND

11.    This lawsuit concerns Defendants' deliberate violation of their contractual noncompetition obligations to DRN. In willful and flagrant disregard of their obligations under License Agreements entered into with DRN, and applicable law, Defendants are directly or indirectly participating and engaging in the business of using License Plate Recognition data and technology for the purpose of recovering and repossessing vehicles for financial and lending customers. Defendants are also violating their contractual and other legal obligations to DRN by continuing to use DRN's trade secrets and highly confidential and proprietary business information in the form of DRN's Car Detector software and DSP software, for Defendants' own financial benefit.

### A.   PLAINTIFF'S ROLE IN THE AUTO FINANCE INDUSTRY

12.    Plaintiff DRN is a majority owned subsidiary of Vigilant Solutions, Inc. ("Vigilant"). Vigilant develops technology that analyzes photographs and looks for specific content that might be contained within a photograph. At the most basic level, image-content analysis is the extraction of meaningful information from a photograph, and it can be achieved

---

348-275296-14

by either a human or by a machine such as a digital camera, mobile phone, computer, processor, or electrical circuit. Vigilant and DRN executives have developed and integrated image-content analysis techniques into various markets, including techniques for optical character recognition, pattern recognition, and motion detection.

13.    The subject of this suit is a technique and process developed by Vigilant involving the use of Optical Character Recognition ("OCR") to interpret alphanumeric characters, depicted within a photograph of a license plate, into machine-readable text. In one of its applications of this image-content analysis, Vigilant utilizes a Digital Signal Processor ("DSP") to convert analog camera output (a photograph) into a digital photograph, which can then be analyzed by DSP algorithms to determine if the image contains a pattern that could be representative of a rectangle containing alphanumeric characters (*i.e.,* a possible license plate). Because Vigilant and others use such techniques in an effort to locate specific content within a photograph—namely, the alphanumeric content printed on a license plate—the application of this technology that is at issue here has sometimes been referred to as "automatic license plate reader" or "ALPR" systems or technology.

14.    DRN has integrated ALPR systems, developed by Vigilant, into highly specialized and proprietary software applications to serve the automobile finance, automobile insurance, and vehicle repossession industries. DRN sells cameras, and licenses its proprietary software, the combination of which creates systems that are typically mounted on tow trucks or vehicles owned by repossession company licensees such as Defendants, which automatically photograph every license plate the camera-equipped vehicle passes during its daily routine of driving on the public streets of its respective city or town, visiting last known addresses of debtors in their efforts to locate vehicles to repossess on behalf of automobile lenders. In addition to photographing license plates, the system collects metadata which include the date and

348-275296-14

time the photograph was taken and the GPS location of the camera at the time the photograph was taken. Collectively, these photographs and metadata are referred to as "LPR Data", and are defined as such in the License Agreements executed by Defendants. DRN's valuable LPR Data is stored in a password-protected database in a secure data center located in Dallas, Texas.

15.     DRN also maintains a database of license plates registered to vehicles that are sought for repossession by lending institutions that DRN serves. This database, or list of license plates sought for repossession, is known as the "LPR Hotlist", and is defined as such in the License Agreements executed by Defendants. Once an ALPR system converts a license-plate image into computer-readable text, DRN's proprietary software simultaneously cross-checks the alphanumeric characters from the license plate against DRN's LPR Hotlist, and produces a "Hit" when a scanned license plate matches up with a vehicle on DRN's Hotlist designated for repossession by DRN clients. DRN then disseminates the matching license plate data to its clients, including automobile lenders and insurance companies, who then pay DRN as much as three hundred and fifty dollars ($350.00) for each vehicle located and repossessed. DRN earns substantial revenue by selling this license plate data to its clients. DRN then in turn shares such revenue with its repossession licensees such as Defendants in accordance with the respective Schedule 1 of each Defendant's License Agreement.

## B.    THE LICENSE AGREEMENTS EXECUTED BY DEFENDANTS

16.     At the time that DRN sells an ALPR system, DRN enters into one or more agreements with the purchaser of the system. In most instances, including each of the four Defendants, DRN will sell certain camera and digital signal processing hardware manufactured by, or for, Vigilant, and DRN will license use of the DRN System which includes, but is not limited to, DRN Car Detector software, DRN WebRepo software, the DRN Portal software

348-275296-14

application, all firmware contained on the DSPs, and all OCR software contained on a laptop and DSP provided by DRN to its licensee.

17.     Each of the four Defendants executed separate License Agreements on or about March 27, 2014.  Each of the four Defendants has operated as a DRN licensee since at least April 5, 2013, utilizing DRN's highly proprietary systems.  Each Defendant has utilized DRN's Car Detector software to scan license plates and to create LPR data, as well as the DSP firmware and OCR software as contemplated by the License Agreements.  In doing so, Defendants have profited handsomely by use of DRN's system, and have been paid the following amounts by DRN pursuant to the terms of the License Agreements:

| | |
|---|---|
| Accurate Adjustment | $60,521.39 |
| After Hours | $115,782.42 |
| Coastline | $286,422.39 |
| Solid Solutions | $121,083.38 |
| Total | $583,809.58 |

18.     The License Agreements executed by Defendants grant each Defendant a non-exclusive, non-transferable license to access the DRN System[1] solely in accordance with the terms of the Agreement.  The License Agreements executed by Defendants also set forth the authorized uses of the DRN System by Defendants, and prohibit other uses of the system not allowed under the terms of the Agreement.  Section 2(d) of the License Agreement specifically prohibits Defendants as follows:

> **Restrictions on Use of DRN System.**  Except as expressly permitted under this Agreement, DRN Affiliate agrees that it shall not, nor permit a Related Party or any other party to, without the prior written consent of DRN, (i) copy, duplicate or grant permission to the DRN System or any part thereof; (ii) create, attempt to create, or grant permission to the source program and/or object program

---

[1] The License Agreement defines DRN System as follows:  **"DRN System"** means the DRN Car Detector, DRN WebRepo, the DRN Portal, the DRN Intellectual Property Rights, and all other equipment, software, hardware, materials and information provided by DRN to DRN Affiliate pursuant to this Agreement, including all enhancements, upgrades, improvements, changes, modifications, revisions or derivative works made to same from time to time.

---

348-275296-14

associated with the DRN System; (iii) decompile, disassemble or reverse engineer any software component of the DRN System for any reason, including, without limitation, to develop functionally similar computer software or services; (iv) modify, alter or delete any of the copyright notices embedded in or affixed to the copies of any components of the DRN System; or (v) make, retain, or distribute copies of LPR Data or Hits, including, without limitation, through data retention using storage drives, splitters, or other such devices. DRN Affiliate shall instruct each Related Party to comply with the preceding restrictions.

19.     The License Agreements executed by Defendants clearly and unequivocally establish that (i) Plaintiff owns all LPR Data, the DRN System, and DRN Intellectual Property and (ii) nothing in the agreement shall be deemed to convey to Defendants or to any other party any ownership interest in or to the LPR Data, the DRN System or the DRN Intellectual Property.

20.     In addition to clearly establishing the license and uses granted to Defendants, the License Agreements define the term "Confidential Information" and set forth the guidelines for each Defendant's access to, and permitted uses of, DRN's Confidential Information. The term Confidential Information includes, but is not limited to trade secrets, the DRN System, LPR Data, "Hits", and the DRN Intellectual Property. Importantly, the License Agreements clearly delineate Defendants' restrictions related to the use, disclosure, or reproduction of the Confidential Information of Plaintiff. Specifically, Paragraph 11(c)(3) sets forth the following identical restriction language in each of the four License Agreements executed by Defendants:

> **Restrictions.** As a result of the sensitive nature of the Confidential Information, DRN Affiliate agrees, except as otherwise permitted by this Agreement: (i) not to directly or indirectly disclose any portion of the Confidential Information to any third party; (ii) not to copy or reproduce any portion of the Confidential Information; (iii) not to sell, transfer, license use or otherwise exploit the Confidential Information in any way; (iv) if DRN Affiliate is an entity, only to disclose the Confidential Information to Related Parties who have a need to know the Confidential Information and who agree to be bound by this Agreement; (v) to take all necessary precautions to protect the Confidential Information against its unauthorized use or disclosure and exercise at least the same degree of care in safeguarding the Confidential Information as DRN Affiliate would with DRN Affiliate's own confidential information; and (vi) to promptly advise DRN in writing upon learning of any unauthorized use or disclosure of the Confidential Information. DRN Affiliate shall be liable for the actions of Related Parties to whom DRN Affiliate discloses any Confidential Information.

348-275296-14

21.     Paragraph 11(c)(5) of the License Agreement requires Defendants to destroy all Confidential Information and certify in writing that the Defendants have done so, upon termination.

22.     DRN has invested substantial time, energy, and money into the development of its Confidential Information and trade secrets, which includes, among other things, the development of the LPR Data collected by Licensees, as well as an array of other confidential customer data including customer volume and pricing strategies, research, product plans, products, services, customer lists, markets, software, developments, inventions, processes, formulas, technology, designs, drawings, engineering, hardware configuration information, marketing, finances or other business information.  Knowledge of this information has allowed DRN to compete in the auto finance and insurance industries by competitively delivering quality products and catering to the specific needs and special characteristics and requirements of each of its customers.  DRN has gained significant competitive and technological advantages from the fact that such proprietary information is not generally known to the public.

23.     DRN has undertaken a number of measures to ensure that its Confidential Information remains secret, including performing work in a secured facility, utilizing a security badge system, maintaining password protected databases, maintaining password protected software, maintaining data on an internal password-protected network, and requiring licensees to execute confidentiality and non-disclosures provisions in their License Agreements.  These measures were taken by DRN to ensure that DRN's Confidential Information did not inadvertently become public or fall into the hands of competitors.  DRN required Defendants to comply with each of these requirements.

24.     Paragraph 11 of each License Agreement contains each Defendant's express and unambiguous promise, as an inducement for DRN to enter into the License Agreement and allow

348-275296-14

Defendants to participate in DRN's network of affiliates, that Defendants will not compete with DRN during the term of their License Agreements and for a period of one (1) year thereafter. Specifically, during that restricted period, Defendants promise that they will not directly or indirectly engage or invest in, own, manage, operate, finance, control or participate in the ownership, management, operation, financing or control of, or by employed by or associated with, or render services to, any person or entity engaged in the business of using LPR technology and data for the purpose of recovering vehicles for the financial or lending industries.

25.     Also in Paragraph 11 of each License Agreement, each of Defendants specifically agreed that this restriction was reasonable in duration and scope.  Each of Defendants further agreed to cause all their respective officers, directors, employees, shareholders, members, partners, agents, and other representatives to comply with this clear noncompetition obligation. Each of Defendants agreed that their breach of such provision would cause irreparable harm to DRN, such that DRN would be entitled to enforce such obligation by way of equitable relief. Each of Defendants further agreed that this restriction would survive any termination of the License Agreements.

26.     Paragraph 17(c) of each License Agreement further sets forth each Defendant's agreement to allow Plaintiff to enforce any provision of the Agreement by a decree of specific performance and by way of temporary, preliminary and permanent injunctive relief to prevent breaches or threatened breaches of any of the provisions of this Agreement, without posting any bond or other undertaking.

27.     Paragraph 11(d) of the License Agreements further contains each Defendants' contractual promise not to disparage DRN, its business or its LPR technology during the term of the License Agreements and for a period of one (1) year thereafter.

348-275296-14

**C.   PLAINTIFF BECOMES AWARE OF DEFENDANTS' POTENTIAL BREACH OF THE LICENSE AGREEMENTS**

28.   In August of 2014, DRN received information that Defendants were directly or indirectly utilizing a web address owned or operated by Mr. Shane Freitas, the President of Defendant Accurate, bearing the URL of http://www.lprsearch.com. On information and belief, Defendants have used this site and portal for the purposes of accessing and/or using LPR technology and data to recover vehicles for the financing and lending industries, in clear and deliberate violation of their contractual obligations to DRN.

29.   In an effort to verify the information provided to DRN regarding Freitas' ownership and/or control of the website located at http://www.lprsearch.com, DRN attempted to determine the exact ownership of such domain and website. DRN's investigation determined that the domain was created through Network Solutions, LLC on November 27, 2013, and the registrant of such domain at that time was an entity named "RepoTrack" located at 1210 Auto Center Dr., Lodi, CA 95242. This is the physical address of Defendant Accurate. The administrative and technical email addresses for the domain at that time were shane@accadj.com, which is the email address of Freitas, the President of Defendant Accurate. DRN"s investigation further showed that the Internet Protocol ("IP") address where that domain was being hosted until September 14, 2014 (fourteen days after Defendants were hand-delivered a Notice of Breach Letter prepared by DRN's legal counsel) was 75.147.231.245. As of the filing of this action, this IP address resolves to the webmail login page of Defendant Accurate.

29.   Plaintiff asserts that, at all relevant times, Defendant Accurate and its agents and representatives were in control of and owned the www.lprsearch.com domain and website, where Defendants are utilizing LPR Data and pursuing their own independent operations as repossession companies, without compensation to Plaintiff. Plaintiff also asserts that Defendants

348-275296-14

are attempting to create their own regional or national database in an effort to be a direct competitor to Plaintiff in violation of the License Agreements.

**D.      MEETING WITH DEFENDANTS ON AUGUST 25, 2014**

30.     On August 25, 2014 Chris Metaxas, the Chief Executive Officer of Plaintiff, met in person in Sacramento, California with Freitas, the President of Defendant Accurate, and Wes Englebrecht ("Englebrecht"), the President of Defendant After Hours Auto Recovery.   At this meeting, DRN hand-delivered a letter to Freitas and Englebrecht, notifying them that they were in breach of their DRN License Agreements.   DRN further discussed with Freitas and Englebrecht an opportunity to cure their breach under the License Agreement.   During this meeting, Freitas vaguely acknowledged some involvement with the website located at www.lprsearch.com, but denied any ownership interest therein.

31.     In light of these denials, DRN requested at the meeting that Freitas log into the lprsearch.com website so that Freitas could demonstrate that such website did not constitute a breach of the License Agreement.   Freitas refused.   Freitas and Englebrecht then excused themselves from the meeting for the stated purpose of contacting the President of Defendant Coastline to discuss the breach notice delivered by DRN.   Upon returning to the meeting approximately one hour later, Freitas logged into the lprsearch.com website, which immediately displayed a page indicating that such website was not operable.   Metaxas requested that Freitas show the administrative section of the website, and Freitas again refused.   DRN has determined, and asserts upon information and belief, that during the hour that Freitas and Englebrecht were away from the California meeting, Defendants changed the website code of lprsearch.com in a manner so as to make it appear that the website was inoperable and/or still under development.

32.     The meeting concluded with DRN advising Freitas and Englebrecht that Defendants had ten days within which to cure their breach of the License Agreements.

---

348-275296-14

Defendants subsequently refused to cure the breach, and their access to DRN's Webrepo software and DRN's Portal software application was terminated.

**E.     PLAINTIFF OBTAINS ADDITIONAL SUPPORTING EVIDENCE OF DEFENDANTS' ONGOING BREACH OF THE LICENSE AGREEMENTS**

33.     Plaintiff has recently learned that, on August 26, 2014 (the day after the above referenced California meeting), Freitas and Defendant Accurate acquired the domain of www.rtcasemanager.com, and two days later that domain name's Internet Protocol address was changed to 75.147.231.245.  As stated above, the IP address of http://75.147.231.245 resolves to the webmail login page of Defendant Accurate as of the date of the filing of this action. Additionally, the login page to www.rtcasemanager.com is identical to the previous login page of www.lprsearch.com.

34.     DRN has determined that Defendants are continuing to operate license plate recognition cameras and are continuing to use LPR technology and data to recover vehicles for the lending and financial industries.  DRN has also determined, and asserts on information and belief, that Defendants are using and/or storing LPR Data in one or more databases which may be accessed by logging into www.rtcasemanager.com.

35.     DRN has also determined that Defendants, in connection with their wrongful and ongoing activities in violation of their noncompetition obligations, are continuing to wrongfully use DRN's Confidential Information without DRN's permission, including DRN's Car Detector software and DSP software.

36.     The License Agreements specifically provide that DRN has the right to inspect Defendants' records related to all vehicles on DRN's LPR Hotlist that were repossessed by Defendants pursuant to authorized and unauthorized Hits generated by DRN's system.  Despite demand, Defendants have refused to allow DRN's inspection, in a further effort to conceal their improper conduct.  Further, by way of correspondence from their counsel, Defendants have now

348-275296-14

taken the position (notwithstanding the survival language of Section 5(c) of the License Agreements) that because the License Agreements are terminated, Defendants have no further obligations thereunder to DRN.

37.    DRN has also learned that one or more Defendants are actively disparaging DRN within the repossession industry, in further violation of their contractual obligations.

38.    All conditions precedent to DRN's claims and rights to recovery hereunder have occurred and/or been performed.

## VI.    CAUSES OF ACTION

### COUNT ONE – Breach of Contract

39.    DRN reasserts and by this reference hereby incorporates the allegations contained in the paragraphs 1-38 as if fully set forth herein.

40.    Defendants' actions are in breach of their respective License Agreements. Defendants' breaches include but are not limited to breach of their contractual obligations under Section 2(d) to refrain from (i) copying, duplicating or granting permission to the DRN System or any part thereof, and (ii) creating, attempting to create, or granting permission to the source program and/or object program associated with the DRN System.

41.    Defendants' breaches also include breach of their contractual obligations under Section 11(c)(3) (i) not to directly or indirectly disclose any portion of the Confidential Information to any third party; (ii) not to copy or reproduce any portion of the Confidential Information; (iii) not to sell, transfer, license use or otherwise exploit the Confidential Information in any way; (iv) if DRN Affiliate is an entity, only to disclose the Confidential Information to Related Parties who have a need to know the Confidential Information and who agree to be bound by this Agreement; (v) to take all necessary precautions to protect the Confidential Information against its unauthorized use or disclosure and exercise at least the same

348-275296-14

degree of care in safeguarding the Confidential Information as DRN Affiliate would with DRN Affiliate's own confidential information; and (vi) to promptly advise DRN in writing upon learning of any unauthorized use or disclosure of the Confidential Information.

42.      Defendants' breaches further include but are not limited to breach of their contractual obligations under the non-competition agreement in Section 11(a) to refrain (during the Term of the License Agreement and for a one-year period immediately following the termination of the License Agreement) from, directly or indirectly: engaging or investing in, owning, managing, operating, financing, controlling or participating in the ownership, management, operation, financing or control of, or being employed by, associated with or in any manner connected with, or rendering services or advice or other aid to, or guaranteeing any obligation of, any person or entity engaged in or planning to become engaged in the business of using LPR technology and LPR data for the purpose of recovering vehicles sought for recovery within the financial, lending or insurance industries or assisting in debt collection efforts on behalf of municipalities and governmental entities.

43.      Defendants' breaches also include but are not limited to their failure and refusal, despite demand, to honor their contractual obligations to allow access to and inspection of Defendants' records to determine Defendants' compliance (or lack thereof) with the License Agreements.

44.      Such breaches also include Defendant Accurate's disparagement of DRN within the repossession industry, in violation of its contractual obligations.

45.      These breaches, individually and collectively, have proximately caused damages to DRN, for which damages DRN hereby sues.

**PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR INJUNCTIVE RELIEF**                                    **PAGE 14**
71118.2 / 315243.6

348-275296-14

## COUNT TWO – Misappropriation of Trade Secrets

46.    DRN reasserts and by this reference incorporates the allegations contained in the above paragraphs 1 through 38 as if fully set forth herein.

47.    DRN owns trade secrets in the form of Confidential Information, which includes confidential and proprietary compilations, methods, techniques, processes, and data, among other practices and procedures, in operating its business to give it a competitive advantage. The trade secrets are not known outside DRN's business, and are the subject of efforts that are reasonable under the circumstances to maintain secrecy. A select group of DRN employees and licensees has knowledge of the trade secrets. DRN derives independent economic value from the trade secrets not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from their disclosure or use.

48.    In direct and deliberate violation of the Texas Uniform Trade Secrets Act, Defendants have acquired DRN's trade secrets through a confidential relationship and disclosed or used the trade secrets without express or implied consent at a time they knew or had reason to know that (i) their knowledge of the trade secrets was acquired under circumstances giving rise to a duty to maintain their secrecy or limit their use and (ii) they had a duty to DRN to maintain secrecy and limit trade secret use. Defendants' conduct was intentional and done for the value and benefit associated with such misappropriation, and in an attempt to financially profit from the utilization of such trade secrets, and/or to financially harm DRN. Defendants employed improper means by breaching their duties to maintain secrecy of the trade secrets, limit their use, and prohibit their discovery, as required by statutory and common law and the License Agreements.

49.    DRN has suffered injury and resulting damages from Defendants' conduct, for which damages DRN hereby sues.

348-275296-14

## COUNT THREE – Attorney's Fees

50.     DRN reasserts and by this reference incorporates the allegations contained in the above paragraphs 1 through 49 as if fully set forth herein.

51.     Defendants are liable for DRN's attorney's fees and expenses pursuant to Texas Civil Practice & Remedies Code § 38.001, for which amounts DRN hereby sues.  DRN also seeks attorney's fees pursuant to Texas Civil Practice and Remedies Code § 134A.005 based on Defendants' willful and malicious misappropriation.

## COUNT FOUR – Temporary Restraining Order and Injunctive Relief

52.     DRN reasserts and by this reference incorporates the allegations contained in the above paragraphs as if fully set forth herein.

53.     DRN's application for a temporary restraining order and temporary injunction is authorized by Texas Rule of Civil Procedure 680 and Texas Civil Practice & Remedies Code § 65.011, respectively.  The purpose of a temporary restraining order is to preserve the status quo of the subject matter of the litigation until a hearing can be held on an application for temporary injunction. *Cannan v. Green Oaks Apts, Ltd.*, 758 S.W.2d 753, 755 (Tex. 1988).

54.     DRN is entitled to all or part of the relief requested in this proceeding, and such relief further requires the restraint of Defendants' conduct that otherwise would be prejudicial to DRN.  In addition, Defendants' prior and ongoing actions in violation of DRN's rights would render a judgment in litigation ineffectual.  Moreover, DRN is entitled to an injunction under recognized principles of equity and statutes of this state relating to injunctions as well as under the express terms of the License Agreements executed by Defendants.  Defendants specifically agreed in Section 11(e)(3) of the License Agreements that "a breach or threatened breach by DRN Affiliate or any Related Party of any covenant contained in this Section 11 may cause irreparable damage to DRN and that DRN may not be made whole by monetary damages.

348-275296-14

Therefore, DRN may have, in addition to any remedies available at law, the right to seek equitable relief to enforce this Agreement." Further, irreparable injury to DRN's business, as well as its highly confidential and proprietary compilations, methods, techniques, processes, and data, among other practices and procedures, are threatened irrespective of any remedy at law. The injunctive relief requested by DRN is the least restrictive means to prevent irreparable injury to DRN.

55.     DRN asks the Court to enjoin Defendants from engaging in the below-specified wrongful acts pending a hearing for temporary injunction and/or trial on the merits.   It is probable and likely that DRN will recover from Defendants after a trial on the merits, given Defendants' blatant violations of the Licensing Agreements and contractual duties owed by Defendants to DRN.

56.     As to misappropriation, actual or threatened misappropriation may be enjoined. TEX. CIV. PRAC. & REM. CODE § 134A.003(a).   When deciding whether to grant or deny a request for injunctive relief, the trial court does not decide whether the information sought to be protected is a trade secret; rather it determines whether the applicant has established that the information is entitled to trade secret protection until a trial on the merits. *Fox v. Tropical Warehouses, Inc.*, 121 S.W.3d 853, 858 (Tex. App.—Fort Worth 2003, no pet.).   Based on Defendants' undisputed misappropriation, use, and disclosure of DRN's Confidential Information, DRN has established it is entitled to trade secret protection until a trial on the merits.   DRN's confidential and proprietary compilations, methods, techniques, processes, and data, among other practices and procedures, are protected trade secrets. *See, e.g.,* TEX. CIV. PRAC. & REM. CODE § 134A.002(6); *Gonzales v. Zamora,* 791 S.W.2d 258, 264 (Tex. App.— Corpus Christi 1990, no writ) (upholding jury verdict finding confidential forms and procedures trade secrets).

348-275296-14

57.     As to the Licensing Agreements, injunctive relief is proper to enforce the non-competition agreement in Section 11(a) of the License Agreements. A confidentiality covenant can embrace more than "trade secrets" and includes designated items. *Simplified Telesys, Inc. v. Live Oak Telecom, L.L.C.*, 68 S.W.3d 688, 692-93 (Tex. App.—Austin 2000, pet. denied). Injunctive relief is proper in cases in which a party violates a confidentiality covenant intended to protect more than the secrecy of information; and such relief is also intended to protect against violence to the confidential relationship and the covenants governing the acquisition of confidential information. *Id.* Here, Defendants agreed to maintain confidentiality as to DNR's Confidential Information and the DNR Intellectual Property (as defined in the Licensing Agreements), including but not limited to the DRN Car Detector software and DSP software. As such, injunctive relief is proper given Defendants' undisputed misappropriation, use, and disclosure of the foregoing. Injunctive relief is also proper to enforce the non-competition agreement in Section 11(a) of the License Agreements. *See* TEX. BUS. & COMM. CODE §15.51(a) ("[A] court may award the promisee under a covenant not to compete damages, injunctive relief, or both damages and injunctive relief for a breach by the promisor of the covenant.").

58.     If Defendants are not prohibited from these actions, harm is imminent and irreparable because DRN is the owner of confidential and proprietary information that is unique and valuable, the dissipation or misuse of which is not fully compensable to DRN in money damages. Harm is further imminent and irreparable because Defendants will continue to wrongfully compete with DRN. Further, DRN's damages are not at this time reasonably susceptible to precise measurement or calculation. DRN believes that Defendants will alter the status quo and further violate DRN's legal rights unless they are temporarily and permanently enjoined. DRN believes that Defendants must be temporarily restrained from further unlawful and harmful conduct to prevent further imminent and irreparable injury before notice can be

348-275296-14

served and a hearing held on DRN's request for temporary injunctive relief. Moreover, the injunctive relief requested by DRN is the least restrictive means to prevent irreparable injury to DRN.

59.     DRN has no adequate remedy at law because, among other things, DRN's past and ongoing damages from such conduct, and threatened future conduct, are incapable of calculation. Moreover, due to Defendants' violation of DRN's legal obligations involving its highly confidential and proprietary information, and Defendants' noncompetition obligations, no remedy at law is as practical and efficient as injunctive relief preventing such violations.

60.     Specifically, DRN requests that a temporary restraining order and temporary and permanent injunction be granted restraining each of the Defendants, and their agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them, from directly or indirectly:

>    (a)     taking any action to use, divulge, disclose, access, disseminate, communicate or transfer information regarding DRN's proprietary information, compilations, methods, techniques, processes, and data, or any other DRN practice or procedure used in its operations that was learned or obtained by Defendants by means of their contracts and agreements with DRN, including but not limited to DNR's Confidential Information and the DNR Intellectual Property (as defined in the Licensing Agreements), DRN Car Detector software and DSP software;

>    (b)     taking any action to use, divulge, disclose, access, disseminate, communicate, hypothecate, encumber, convey, transfer or convert any tangible or physical documents, data, or other property of any kind or character owned by DRN or removed at any time from DRN's premises or systems, including but not limited to DNR's Confidential Information and the DNR Intellectual Property (as

348-275296-14

defined in the Licensing Agreements), DRN Car Detector software and DSP software;

(c)   Engaging or investing in, owning, managing, operating, financing, controlling or participating in the ownership, management, operation, financing or control of, or being employed by, associated with or in any manner connected with, or rendering services or advice or other aid to, or guaranteeing any obligation of, any person or entity engaged in or planning to become engaged in the business of using LPR technology and LPR data for the purpose of recovering vehicles sought for recovery within the financial, lending or insurance industries or assisting in debt collection efforts on behalf of municipalities and governmental entities; and

(d)   destroying, transferring, conveying, assigning, moving or removing, altering, alienating or hiding any DRN documents, communications or materials existing in hard paper form, or DRN documents, communications (including electronic mail and text messages), materials or data existing on servers, computers, hard drives, disks, tapes or other electronic media, as well as on any internet "cloud" host or server, under the control or constructive control or possession of any of the Defendants or their agents, attorneys or representatives, or to which they have access, to the extent they were obtained by Defendants during or in connection with their affiliation with DRN, including but not limited to DNR's Confidential Information and the DNR Intellectual Property (as defined in the Licensing Agreements), LPR Data, LPR Hotlist, Hits, the DRN System, DRN Car Detector software, DRN WebRepo software, the DRN Portal software application, all

348-275296-14

firmware contained on the DSPs, and all OCR software contained on the laptop and DSP.

61.     DRN further requests that a temporary injunction, and ultimately a mandatory and permanent injunction, be granted requiring each of the Defendants, and their agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them, to preserve and immediately turn over to DRN, and ultimately upon further order by the Court permanently delete from any computers, electronic equipment or other storage devices, all documents, data and other property of any kind or character whatsoever within Defendants' actual or constructive possession, custody or control, or to which they have access, including but not limited to the following:

(a)     documents, communications or materials existing in hard paper form, or documents, communications (including electronic mail and text messages), materials or data existing on servers, computers, hard drives, disks, tapes or other electronic media, as well as on any internet "cloud" host or server, under the control or constructive control or possession of Defendants or their agents, attorneys or representatives, or to which they have access, that document, discuss, reflect, or contain DRN communications, compilations, methods, techniques, processes, and data, or any other DRN practice or procedure used in its operations that was obtained by Defendants by means of their affiliation with DRN, including but not limited to DNR's Confidential Information and the DNR Intellectual Property (as defined in the Licensing Agreements), LPR Data, LPR Hotlist, Hits, the DRN System, DRN Car Detector software, DRN WebRepo software, the DRN Portal software application, all firmware contained on the DSPs, and all OCR software contained on the laptop and DSP; and

348-275296-14

b)      any other tangible or physical property of any kind or character owned by DRN or

removed at any time from DRN premises, servers or systems.

62.      DRN is willing to post a bond for the injunctive relief requested herein.

## VII.    REQUEST FOR RELIEF

WHEREFORE, DRN respectfully requests that Defendants be cited to appear and answer

herein and that, upon final hearing and trial, DRN be granted judgment for actual damages,

exemplary damages, attorney's fees, costs, pre-judgment and post-judgment interest at the

maximum rates allowable by law, a temporary restraining order as requested above, temporary

and permanent injunctive relief as requested above, a protective order to maintain the

confidentiality of documents, communications or materials during discovery and throughout the

course of these proceedings, and any other or further relief to which DRN may be legally or

equitably entitled.

*[SIGNATURE PAGE AND CERTIFICATION TO FOLLOW]*

348-275296-14

Respectfully submitted,


By:   /s/ Cole B. Ramey
       **Cole B. Ramey**
       State Bar No. 16494980
       **W. Alan Wright**
       State Bar No. 22062700

**CROUCH & RAMEY, LLP**
2001 Ross Avenue, Suite 4400
Dallas, Texas  75201
Telephone:  (214) 922-7100
Facsimile:  (214) 922-7101
E-mail:  cramey@crouchfirm.com
         awright@crouchfirm.com

- and -

Douglas R. Hudman
State Bar No. 10149860
Matthew R. Hudman
State Bar No. 24041143
**HOLLAND, JOHNS & PENNY, LLP**
306 W. 7th Street, Suite 500
Ft. Worth, Texas  76102
Telephone:  (817) 335-1050
Facsimile:  (817) 332-3140
E-mail:  drh@hjpllp.com

**ATTORNEYS FOR PLAINTIFF
DIGITAL RECOGNITION NETWORK, INC.**

348-275296-14

## CERTIFICATION OF COUNSEL UNDER LOCAL RULE 3.30(c)

The undersigned counsel certifies that on October 29, 2014 he forwarded the petition and proposed temporary restraining order in this case by email to John McKinley, California counsel for the parties against whom relief is sought *ex parte,* and called Mr. McKinley's office to give notice of the filing of the petition and application for temporary restraining order.   Mr. McKinley's legal assistant advised that Mr. McKinley was in court and would likely call when he was back in the office.

*/s/ Douglas R. Hudman*
Douglas R. Hudman

CAUSE NO. 348-275296-14

| | | |
|---|---|---|
| DIGITAL RECOGNITION NETWORK, INC., | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | TARRANT COUNTY, TEXAS |
| ACCURATE ADJUSTMENTS, INC.; COASTLINE RECOVERY SERVICES, INC.; WES ENGLEBRECHT; and SOLID SOLUTIONS 24/7, INC., | § § § § § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## VERIFICATION

STATE OF TEXAS      §
                             §
COUNTY OF TARRANT  §

Before me, the undersigned Notary Public, on this day personally appeared Digital Recognition Network, Inc., by Todd Hodnett, its Executive Chairman, whose identity is known to me. After I administered an oath, affiant testified as follows:

"My name is Todd Hodnett. I am Executive Chairman for Digital Recognition Network, Inc. and am authorized to provide this verification on its behalf. I am capable of making this verification. I have read Digital Recognition Network, Inc.'s foregoing Original Petition and Application for Injunctive Relief. The facts stated in it are within my personal knowledge and are true and correct.

Todd Hodnett, Executive Chairman

VERIFICATION TO PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR INJUNCTIVE RELIEF

348-275296-14

SUBSCRIBED AND SWORN TO BEFORE ME on this 29th day of October, 2014, to certify which witness my hand and official seal.



Notary Public, State of Texas

CHRISTY LOWE
Notary Public
STATE OF TEXAS
My Comm. Exp. October 9, 2016

CAUSE NO. 348-275296-14 _____

| | | |
|---|---|---|
| DIGITAL RECOGNITION<br>NETWORK, INC., | )<br>)<br>) | IN THE DISTRICT COURT |
|     Plaintiff, | )<br>) | |
| vs. | )<br>) | |
| ACCURATE ADJUSTMENTS, INC.;<br>COASTLINE RECOVERY SERVICES,<br>INC.; AFTER HOURS AUTO RECOVERY;<br>and SOLID SOLUTIONS 24/7, INC., | )<br>)<br>)<br>)<br>) | TARRANT COUNTY, TEXAS |
|     Defendants. | )<br>) | ____ JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER

Came on for hearing Plaintiff Digital Recognition Network, Inc.'s ("Plaintiff" or "DRN") verified Application for Temporary Restraining Order (the "Application"), seeking entry of a temporary restraining order pending hearing and determination of DRN's application for a temporary injunction as set forth in Plaintiff's Original Petition and Application for Injunctive Relief, and the Court finds from the specific facts shown at the hearing and/or as a matter of record that (i) Defendants Accurate Adjustments, Inc. ("Accurate"), Coastline Recovery Services, Inc. ("Coastline"), After Hours Auto Recovery ("After Hours") and Solid Solutions 24/7, Inc. ("Solid") (collectively, the "Defendants") have improperly used and disclosed information regarding DRN's trade secrets and highly confidential and proprietary business information (the "Confidential Information") and DNR's intellectual property as defined in the License Agreement executed by each Defendant (the "Intellectual Property"), (ii) Defendants have subjected DRN to annoyance, harassment, and expense by their actions, (iii) there is a substantial likelihood that DRN will be irreparably harmed by Defendants' continued use and disclosure of DRN's Confidential Information and Intellectual Property, (iv) DRN has no

348-275296-14

adequate remedy at law for the foregoing wrongful conduct of Defendants, (v) immediate and irreparable injury, loss, or damage will result to DRN unless this Order is entered, and (vi) the injunctive relief requested herein by DRN is the least restrictive means to prevent irreparable injury to DRN.   It clearly appears from the facts set forth in the Application that, unless Defendants are immediately restrained from using and disclosing DRN's Confidential Information and Intellectual Property, Defendants will continue to commit the foregoing acts before notice can be given and a hearing is had on the Application; and that if the commission of these acts is not restrained immediately, DRN will be irreparably damaged because Defendants will continue to use and disclose DRN's Confidential Information and Intellectual Property, which DRN contends are confidential and proprietary information and trade secrets.   If the Application is not granted, harm is imminent because DRN's property and business will be irreparably harmed by Defendants' continued use and disclosure of DRN's Confidential Information and Intellectual Property.

IT IS, THEREFORE, ORDERED that Defendants Accurate Adjustments, Inc., Coastline Recovery Services, Inc., After Hours Auto Recovery, and Solid Solutions 24/7, Inc., their agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities directly or indirectly in active concert, communication or participation with them who receive actual notice of this Order, by personal service or otherwise, jointly or severally, are hereby restrained from:

(a)     taking any action to use, divulge, disclose, access, disseminate, communicate or transfer information regarding DRN's proprietary information, compilations, methods, techniques, processes, and data, or any other DRN practice or procedure used in its operations that was learned or obtained by Defendants by

348-275296-14

means of their contracts and agreements with DRN, including but not limited to DNR's Confidential Information and the DNR Intellectual Property (as defined in the Licensing Agreements), DRN Car Detector software and DSP software;

(b)   taking any action to use, divulge, disclose, access, disseminate, communicate, hypothecate, encumber, convey, transfer or convert any tangible or physical documents, data, or other property of any kind or character owned by DRN or removed at any time from DRN's premises or systems, including but not limited to DNR's Confidential Information and the DNR Intellectual Property (as defined in the Licensing Agreements), DRN Car Detector software and DSP software;

(c)   Engaging or investing in, owning, managing, operating, financing, controlling or participating in the ownership, management, operation, financing or control of, or being employed by, associated with or in any manner connected with, or rendering services or advice or other aid to, or guaranteeing any obligation of, any person or entity engaged in or planning to become engaged in the business of using LPR technology and LPR data for the purpose of recovering vehicles sought for recovery within the financial, lending or insurance industries or assisting in debt collection efforts on behalf of municipalities and governmental entities; and

(d)   destroying, transferring, conveying, assigning, moving or removing, altering, alienating or hiding any DRN documents, communications or materials existing in hard paper form, or DRN documents, communications (including electronic mail and text messages), materials or data existing on servers, computers, hard

348-275296-14

drives, disks, tapes or other electronic media, as well as on any internet "cloud" host or server, under the control or constructive control or possession of any of the Defendants or their agents, attorneys or representatives, or to which they have access, to the extent they were obtained by Defendants during or in connection with their affiliation with DRN, including but not limited to DNR's Confidential Information and the DNR Intellectual Property (as defined in the Licensing Agreements), LPR Data, LPR Hotlist, Hits, the DRN System, DRN Car Detector software, DRN WebRepo software, the DRN Portal software application, all firmware contained on the DSPs, and all OCR software contained on the laptop and DSP.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect as provided by Texas Rule of Civil Procedure 680 or until the Court can hear and determine DRN's application for a temporary injunction or further order of the Court. A hearing on DRN's application for a temporary injunction is hereby set for the _____ day of _____ _____, 2014, at _____ o'clock, ___.m.

The Court fixes the amount of security or bond to be given by the applicant to be $_____. Before the issuance of process upon the Temporary Restraining Order granted herein, DRN shall execute and file with the Clerk a bond, in compliance with TEX. R. CIV. P. 684, or a cash deposit in lieu thereof, in the sum fixed hereby.

SIGNED this _____ day of _____, 2014.

_____
HONORABLE JUDGE PRESIDING

**3**

CAUSE NO. 348-275296-14

| | | |
|---|---|---|
| DIGITAL RECOGNITION | ) | IN THE DISTRICT COURT |
| NETWORK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | TARRANT COUNTY, TEXAS |
| ACCURATE ADJUSTMENTS, INC.; | ) | |
| COASTLINE RECOVERY SERVICES, | ) | |
| INC.; AFTER HOURS AUTO RECOVERY; | ) | |
| and SOLID SOLUTIONS 24/7, INC., | ) | |
| | ) | |
| Defendants. | ) | ____ JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER

Came on for hearing Plaintiff Digital Recognition Network, Inc.'s ("Plaintiff" or "DRN") verified Application for Temporary Restraining Order (the "Application"), seeking entry of a temporary restraining order pending hearing and determination of DRN's application for a temporary injunction as set forth in Plaintiff's Original Petition and Application for Injunctive Relief, and the Court finds from the specific facts shown at the hearing and/or as a matter of record that (i) Defendants Accurate Adjustments, Inc. ("Accurate"), Coastline Recovery Services, Inc. ("Coastline"), After Hours Auto Recovery ("After Hours") and Solid Solutions 24/7, Inc. ("Solid") (collectively, the "Defendants") have improperly used and disclosed information regarding DRN's trade secrets and highly confidential and proprietary business information (the "Confidential Information") and DNR's intellectual property as defined in the License Agreement executed by each Defendant (the "Intellectual Property"), (ii) Defendants have subjected DRN to annoyance, harassment, and expense by their actions, (iii) there is a substantial likelihood that DRN will be irreparably harmed by Defendants' continued use and disclosure of DRN's Confidential Information and Intellectual Property, (iv) DRN has no

348-275296-14

adequate remedy at law for the foregoing wrongful conduct of Defendants, (v) immediate and irreparable injury, loss, or damage will result to DRN unless this Order is entered, and (vi) the injunctive relief requested herein by DRN is the least restrictive means to prevent irreparable injury to DRN. It clearly appears from the facts set forth in the Application that, unless Defendants are immediately restrained from using and disclosing DRN's Confidential Information and Intellectual Property, Defendants will continue to commit the foregoing acts before notice can be given and a hearing is had on the Application; and that if the commission of these acts is not restrained immediately, DRN will be irreparably damaged because Defendants will continue to use and disclose DRN's Confidential Information and Intellectual Property, which DRN contends are confidential and proprietary information and trade secrets. If the Application is not granted, harm is imminent because DRN's property and business will be irreparably harmed by Defendants' continued use and disclosure of DRN's Confidential Information and Intellectual Property.

IT IS, THEREFORE, ORDERED that Defendants Accurate Adjustments, Inc., Coastline Recovery Services, Inc., After Hours Auto Recovery, and Solid Solutions 24/7, Inc., their agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities directly or indirectly in active concert, communication or participation with them who receive actual notice of this Order, by personal service or otherwise, jointly or severally, are hereby restrained from:

    (a)    taking any action to use, divulge, disclose, access, disseminate, communicate or transfer information regarding DRN's proprietary information, compilations, methods, techniques, processes, and data, or any other DRN practice or procedure used in its operations that was learned or obtained by Defendants by

---

348-275296-14

means of their contracts and agreements with DRN, including but not limited to DNR's Confidential Information and the DNR Intellectual Property (as defined in the Licensing Agreements), DRN Car Detector software and DSP software;

(b)     taking any action to use, divulge, disclose, access, disseminate, communicate, hypothecate, encumber, convey, transfer or convert any tangible or physical documents, data, or other property of any kind or character owned by DRN or removed at any time from DRN's premises or systems, including but not limited to DNR's Confidential Information and the DNR Intellectual Property (as defined in the Licensing Agreements), DRN Car Detector software and DSP software;

(c)     Engaging or investing in, owning, managing, operating, financing, controlling or participating in the ownership, management, operation, financing or control of, or being employed by, associated with or in any manner connected with, or rendering services or advice or other aid to, or guaranteeing any obligation of, any person or entity engaged in or planning to become engaged in the business of using LPR technology and LPR data for the purpose of recovering vehicles sought for recovery within the financial, lending or insurance industries or assisting in debt collection efforts on behalf of municipalities and governmental entities; and

(d)     destroying, transferring, conveying, assigning, moving or removing, altering, alienating or hiding any DRN documents, communications or materials existing in hard paper form, or DRN documents, communications (including electronic mail and text messages), materials or data existing on servers, computers, hard

348-275296-14

drives, disks, tapes or other electronic media, as well as on any internet "cloud" host or server, under the control or constructive control or possession of any of the Defendants or their agents, attorneys or representatives, or to which they have access, to the extent they were obtained by Defendants during or in connection with their affiliation with DRN, including but not limited to DNR's Confidential Information and the DNR Intellectual Property (as defined in the Licensing Agreements), LPR Data, LPR Hotlist, Hits, the DRN System, DRN Car Detector software, DRN WebRepo software, the DRN Portal software application, all firmware contained on the DSPs, and all OCR software contained on the laptop and DSP.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect as provided by Texas Rule of Civil Procedure 680 or until the Court can hear and determine DRN's application for a temporary injunction or further order of the Court. A hearing on DRN's application for a temporary injunction is hereby set for the _____ day of _____ _____, 2014, at _____ o'clock, __.m.

The Court fixes the amount of security or bond to be given by the applicant to be $_____. Before the issuance of process upon the Temporary Restraining Order granted herein, DRN shall execute and file with the Clerk a bond, in compliance with TEX. R. CIV. P. 684, or a cash deposit in lieu thereof, in the sum fixed hereby.

SIGNED this _____ day of _____, 2014.

_____
HONORABLE JUDGE PRESIDING

**4**

FILED
TARRANT COUNTY
10/29/2014 2:25:02 PM
THOMAS A. WILDER
DISTRICT CLERK

CIVIL CASE INFORMATION SHEET (REV. 2/13)

CAUSE NUMBER *(FOR CLERK USE ONLY):* _348-275296-14_____   COURT *(FOR CLERK USE ONLY):* _____

STYLED _Digital Recognition Network, Inc. v. Accurate Adjustments, Inc., et al._____

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|

Name:
**Cole B. Ramey**

Email:
**cramey@crouchfirm.com**

Plaintiff(s)/Petitioner(s):
**Digital Recognition Network, Inc.**

☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: _____

Address:
**2001 Ross Ave., Ste. 4400**

Telephone:
**(214) 922-7100**

Additional Parties in Child Support Case:

City/State/Zip:
**Dallas, Texas 75201**

Fax:
**(214) 922-7101**

Defendant(s)/Respondent(s):
**Accurate Adjustments, Inc.**
**Coastline Recovery Services, Inc.**
**After Hours Recovery**
**Solid Solutions 24/7, Inc.**

Custodial Parent:

Non-Custodial Parent:

Signature:
**/s/ Cole B. Ramey**

State Bar No:
**TX 16494980**

[Attach additional page as necessary to list all parties]

Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|

### Civil

**Contract**

*Debt/Contract*
☐ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☒ Other Debt/Contract:
  **Breach of Contract**
*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract: _____

**Injury or Damage**

☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
  ☐ Accounting
  ☐ Legal
  ☐ Medical
  ☐ Other Professional
     Liability:
     _____
☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
  ☐ Asbestos/Silica
  ☐ Other Product Liability
     List Product: _____

☐ Other Injury or Damage:
  _____

**Real Property**

☐ Eminent Domain/
   Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:
   _____

**Related to Criminal Matters**

☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus—
   Pre-indictment
☐ Other: _____

### Family Law

**Marriage Relationship**

☐ Annulment
☐ Declare Marriage Void
*Divorce*
  ☐ With Children
  ☐ No Children

**Other Family Law**

☐ Enforce Foreign
   Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities
   of Minority
☐ Other: _____

**Post-judgment Actions (non-Title IV-D)**

☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**

☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**

☐ Adoption/Adoption with
   Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental
   Rights
☐ Other Parent-Child:
   _____

**Employment**

☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:
   _____

**Other Civil**

☐ Administrative Appeal
☐ Antitrust/Unfair
   Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property

☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☒ Tortious Interference
☒ Other: **Misappropriation of trade secrets**

**Tax**

☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings

☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other: _____

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action

☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment

☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☒ Temporary Restraining Order/Injunction
☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

**5**

CAUSE NO. 348- *275296·14*

|  | § | IN THE DISTRICT COURT |
|---|---|---|
|  | § |  |
| VS. | § | TARRANT COUNTY, TEXAS |
|  | § |  |
|  | § | 348th JUDICIAL DISTRICT |

## CERTIFICATE OF COMPLIANCE FOR EX PARTE RELIEF

Comes now, _Douglas Hudman_, attorney of record for Plaintiff or *pro se* Plaintiff in the above-entitled and numbered cause and pursuant to Tarrant County Local Rule 3.30(c) states as follows:

[ ] "The party against whom ex parte relief is sought is represented by _John McKinley · Calhoun_ Said counsel has been notified of the application and has stated that he/she ~~does~~/does not wish to be heard." *He was previous cnsl, He asked that I call After the matter was present.*

[ ] "The party against whom ex parte relief is represented by _____. Diligent attempts to notify the counsel have been unsuccessful, and the circumstances do not permit additional efforts to give notice because _____."

[ ] "Diligent attempts to notify counsel for the party against whom ex parte relief is sought have been unsuccessful, and the circumstances do not permit additional efforts to give notice. The attempts have been as follows: _____."

[ ] "To the best of my knowledge, the party against whom ex parte relief is sought is not represented by counsel in the matter made the basis of the relief sought and I have notified him/her of the application for ex parte relief and he/she does/does not wish to be heard."

[ ] "To the best of my knowledge, the party against whom ex parte relief is sought is not represented by counsel in the matter made the basis of the relief sought, and I believe they should not be informed of this application for ex parte relief until after it is heard by the court because: _____."

Dated: _10/29/14_

Respectfully submitted:

_Douglas R. Hudman_

State Bar No.: _10149860_
Firm: _Holland Johns Penny_
Address: _306 W 7th St #500_
City: _Ft Worth TX 76102_

Phone Number: _817 335 1050_
Fax: _817 332 3140_

**FILED**
_Diann M. Hudman_
DATE _10/29/14  4:20 pm_

**6**

CAUSE NO. 348-275296-14

| | | |
|---|---|---|
| DIGITAL RECOGNITION | ) | IN THE DISTRICT COURT |
| NETWORK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | TARRANT COUNTY, TEXAS |
| ACCURATE ADJUSTMENTS, INC.; | ) | |
| COASTLINE RECOVERY SERVICES, | ) | |
| INC.; AFTER HOURS AUTO RECOVERY; | ) | |
| and SOLID SOLUTIONS 24/7, INC., | ) | |
| | ) | |
| Defendants. | ) | 348ᵗʰ JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER

Came on for hearing Plaintiff Digital Recognition Network, Inc.'s ("Plaintiff" or "DRN") verified Application for Temporary Restraining Order (the "Application"), seeking entry of a temporary restraining order pending hearing and determination of DRN's application for a temporary injunction as set forth in Plaintiff's Original Petition and Application for Injunctive Relief, and the Court finds from the specific facts shown at the hearing and/or as a matter of record that (i) Defendants Accurate Adjustments, Inc. ("Accurate"), Coastline Recovery Services, Inc. ("Coastline"), After Hours Auto Recovery ("After Hours") and Solid Solutions 24/7, Inc. ("Solid") (collectively, the "Defendants") have improperly used and disclosed information regarding DRN's trade secrets and highly confidential and proprietary business information (the "Confidential Information") and DNR's intellectual property as defined in the License Agreement executed by each Defendant (the "Intellectual Property"), (ii) Defendants have subjected DRN to annoyance, harassment, and expense by their actions, (iii) there is a substantial likelihood that DRN will be irreparably harmed by Defendants' continued use and disclosure of DRN's Confidential Information and Intellectual Property, (iv) DRN has no

348-275296-14

adequate remedy at law for the foregoing wrongful conduct of Defendants, (v) immediate and irreparable injury, loss, or damage will result to DRN unless this Order is entered, and (vi) the injunctive relief requested herein by DRN is the least restrictive means to prevent irreparable injury to DRN. It clearly appears from the facts set forth in the Application that, unless Defendants are immediately restrained from using and disclosing DRN's Confidential Information and Intellectual Property, Defendants will continue to commit the foregoing acts before notice can be given and a hearing is had on the Application; and that if the commission of these acts is not restrained immediately, DRN will be irreparably damaged because Defendants will continue to use and disclose DRN's Confidential Information and Intellectual Property, which DRN contends are confidential and proprietary information and trade secrets. If the Application is not granted, harm is imminent because DRN's property and business will be irreparably harmed by Defendants' continued use and disclosure of DRN's Confidential Information and Intellectual Property.

IT IS, THEREFORE, ORDERED that Defendants Accurate Adjustments, Inc., Coastline Recovery Services, Inc., After Hours Auto Recovery, and Solid Solutions 24/7, Inc., their agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities directly or indirectly in active concert, communication or participation with them who receive actual notice of this Order, by personal service or otherwise, jointly or severally, are hereby restrained from:

> (a)  taking any action to use, divulge, disclose, access, disseminate, communicate or transfer information regarding DRN's proprietary information, compilations, methods, techniques, processes, and data, or any other DRN practice or procedure used in its operations that was learned or obtained by Defendants by

348-275296-14

means of their contracts and agreements with DRN, including but not limited to DNR's Confidential Information and the DNR Intellectual Property (as defined in the Licensing Agreements), DRN Car Detector software and DSP software;

(b)     taking any action to use, divulge, disclose, access, disseminate, communicate, hypothecate, encumber, convey, transfer or convert any tangible or physical documents, data, or other property of any kind or character owned by DRN or removed at any time from DRN's premises or systems, including but not limited to DNR's Confidential Information and the DNR Intellectual Property (as defined in the Licensing Agreements), DRN Car Detector software and DSP software;

(c)     Engaging or investing in, owning, managing, operating, financing, controlling or participating in the ownership, management, operation, financing or control of, or being employed by, associated with or in any manner connected with, or rendering services or advice or other aid to, or guaranteeing any obligation of, any person or entity engaged in or planning to become engaged in the business of using LPR technology and LPR data for the purpose of recovering vehicles sought for recovery within the financial, lending or insurance industries or assisting in debt collection efforts on behalf of municipalities and governmental entities; and

(d)     destroying, transferring, conveying, assigning, moving or removing, altering, alienating or hiding any DRN documents, communications or materials existing in hard paper form, or DRN documents, communications (including electronic mail and text messages), materials or data existing on servers, computers, hard

348-275296-14

drives, disks, tapes or other electronic media, as well as on any internet "cloud" host or server, under the control or constructive control or possession of any of the Defendants or their agents, attorneys or representatives, or to which they have access, to the extent they were obtained by Defendants during or in connection with their affiliation with DRN, including but not limited to DNR's Confidential Information and the DNR Intellectual Property (as defined in the Licensing Agreements), LPR Data, LPR Hotlist, Hits, the DRN System, DRN Car Detector software, DRN WebRepo software, the DRN Portal software application, all firmware contained on the DSPs, and all OCR software contained on the laptop and DSP.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect as provided by Texas Rule of Civil Procedure 680 or until the Court can hear and determine DRN's application for a temporary injunction or further order of the Court. A hearing on DRN's application for a temporary injunction is hereby set for the __12th__ day of __—__ __November__, 2014, at __8:30__ o'clock, __A__.m. _which may be by law firm check_ (Bν)

The Court fixes the amount of security or bond to be given by the applicant to be $ __2500.00__. Before the issuance of process upon the Temporary Restraining Order granted herein, DRN shall execute and file with the Clerk a bond, in compliance with TEX. R. CIV. P. 684, or a cash deposit in lieu thereof, in the sum fixed hereby.

SIGNED this __29th__ day of __October__, 2014 _at 4:30pm_. (Bν)

_____
(signature)
HONORABLE JUDGE PRESIDING

7

# **Tarrant County District Clerk Online**
### Thomas A. Wilder, District Clerk

| Civil - Document Service Information | 11/5/14 4:52 PM |
|---|---|

| | | | |
|---|---|---|---|
| Cause Number: | 348-275296-14 | | Date Filed: 10-29-2014 |
| DIGITAL RECOGNITION NETWORK, INC. | | \| VS \| | ACCURATE ADJUSTMENTS, INC, ET AL |
| Cause of Action: | OTHER CIVIL, OTHER | | |
| Case Status: | PENDING | | |

**This is service attempt #1**

**Document Production Information:**

| | |
|---|---|
| Transaction Number: | 34 |
| Current Status: | CHECKED OUT |
| Transaction Description: | T.R.O.-ISSUED ON ACCURATE ADJUSTMENTS INC.. H/R 11/12/2014 - 08:30-On 11/04/2014 |
| Date Produced: | 11-04-2014 |
| Produced By: | KRUMLAND, KIMBERLY |
| Last Modified By: | KRUMLAND, KIMBERLY |

**Document Service Out Information:**

| | | |
|---|---|---|
| Service has been attempted 1 times. | This is service attempt #1 | |
| Attempts: | 1 | |
| Party To Serve: | ACCURATE ADJUSTMENTS INC. | |
| Checked Out: | 11-04-2014    2:42 PM | KRUMLAND, KIMBERLY |
| Checked Out By: | PVT PROCESS / p/u by lawton senderling | |

**Document Service In Information:**

| |
|---|
| Checked In: |
| Checked In By: |
| Date Executed: |
| Entry Date: |

**Document Service Fee Information:**

| | |
|---|---|
| Deposit/Incurred Status: | No Deposit / Incurred Collected |
| Total Amount Paid Direct: | $0.00 |
| Service Fee | |
| Notes | |
| Witness Fee: | $0.00 |

### **District Clerk's Office**
Tim Curry Justice Center

401 West Belknap, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

**8**

# Tarrant County District Clerk Online
### Thomas A. Wilder, District Clerk

Civil - Document Service Information                                                    **11/5/14 4:52 PM**

| | |
|---|---|
| Cause Number: 348-275296-14 | Date Filed: 10-29-2014 |
| DIGITAL RECOGNITION NETWORK, INC. | \|VS\| | ACCURATE ADJUSTMENTS, INC, ET AL |

Cause of Action:    OTHER CIVIL, OTHER

Case Status:    PENDING

**This is service attempt #1**

**Document Production Information:**

| | |
|---|---|
| Transaction Number: | 12 |
| Current Status: | CHECKED OUT |
| Transaction Description: | T.R.O.-ISSUED ON COASTLINE RECOVERY SERVICES INC.. H/R 11/12/2014 - 08:30-On 10/29/2014 |
| Date Produced: | 10-29-2014 |
| Produced By: | KRUMLAND, KIMBERLY |
| Last Modified By: | KRUMLAND, KIMBERLY |

**Document Service Out Information:**

| | | |
|---|---|---|
| Service has been attempted 1 times. | This is service attempt #1 | |
| Attempts: | 1 | |
| Party To Serve: | COASTLINE RECOVERY SERVICES INC. | |
| Checked Out: | 10-29-2014   5:12 PM | KRUMLAND, KIMBERLY |
| Checked Out By: | PVT PROCESS / p/u by atty ramey | |

**Document Service In Information:**

| | |
|---|---|
| Checked In: | |
| Checked In By: | |
| Date Executed: | |
| Entry Date: | |

**Document Service Fee Information:**

| | |
|---|---|
| Deposit/Incurred Status: | No Deposit / Incurred Collected |
| Total Amount Paid Direct: | $0.00 |
| Service Fee | |
| Notes | |
| Witness Fee: | $0.00 |

**District Clerk's Office**

Tim Curry Justice Center

401 West Belknap, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

**9**

# Tarrant County District Clerk Online
### Thomas A. Wilder, District Clerk

Civil - Document Service Information                                    **11/5/14 4:53 PM**

| | | |
|---|---|---|
| Cause Number: | 348-275296-14 | Date Filed: 10-29-2014 |
| DIGITAL RECOGNITION NETWORK, INC. | \| VS \| | ACCURATE ADJUSTMENTS, INC, ET AL |
| Cause of Action: | OTHER CIVIL, OTHER | |
| Case Status: | PENDING | |

**This is service attempt #1**

**Document Production Information:**

| | |
|---|---|
| Transaction Number: | 13 |
| Current Status: | CHECKED OUT |
| Transaction Description: | T.R.O.-ISSUED ON AFTER HOURS AUTO RECOVERY. H/R 11/12/2014 - 08:30- On 10/29/2014 |
| Date Produced: | 10-29-2014 |
| Produced By: | KRUMLAND, KIMBERLY |
| Last Modified By: | KRUMLAND, KIMBERLY |

**Document Service Out Information:**

| | | |
|---|---|---|
| Service has been attempted 1 times. | This is service attempt #1 | |
| Attempts: | 1 | |
| Party To Serve: | AFTER HOURS AUTO RECOVERY | |
| Checked Out: | 10-29-2014   5:12 PM | KRUMLAND, KIMBERLY |
| Checked Out By: | PVT PROCESS / p/u by atty ramey | |

**Document Service In Information:**

| |
|---|
| Checked In: |
| Checked In By: |
| Date Executed: |
| Entry Date: |

**Document Service Fee Information:**

| | |
|---|---|
| Deposit/Incurred Status: | No Deposit / Incurred Collected |
| Total Amount Paid Direct: | $0.00 |
| Service Fee | |
| Notes | |
| Witness Fee: | $0.00 |

**District Clerk's Office**
Tim Curry Justice Center
401 West Belknap, Fort Worth, Texas 76196, Contact Us
Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

**10**



# Tarrant County District Clerk Online
### Thomas A. Wilder, District Clerk

| Civil - Document Service Information | | 11/5/14 4:53 PM |
|---|---|---|

| Cause Number: | 348-275296-14 | | Date Filed: 10-29-2014 |
|---|---|---|---|
| | DIGITAL RECOGNITION NETWORK, INC. | \| VS \| | ACCURATE ADJUSTMENTS, INC, ET AL |
| Cause of Action: | OTHER CIVIL, OTHER | | |
| Case Status: | PENDING | | |

**This is service attempt #1**

**Document Production Information:**

| | |
|---|---|
| Transaction Number: | 14 |
| Current Status: | CHECKED OUT |
| Transaction Description: | T.R.O.-ISSUED ON SOLID SOLUTIONS 24/7 INC.. H/R 11/12/2014 - 08:30-On 10/29/2014 |
| Date Produced: | 10-29-2014 |
| Produced By: | KRUMLAND, KIMBERLY |
| Last Modified By: | KRUMLAND, KIMBERLY |

**Document Service Out Information:**

| | | |
|---|---|---|
| Service has been attempted 1 times. | This is service attempt #1 | |
| Attempts: | 1 | |
| Party To Serve: | SOLID SOLUTIONS 24/7 INC. | |
| Checked Out: | 10-29-2014    5:12 PM | KRUMLAND, KIMBERLY |
| Checked Out By: | PVT PROCESS / p/u by atty ramey | |

**Document Service In Information:**

| | |
|---|---|
| Checked In: | |
| Checked In By: | |
| Date Executed: | |
| Entry Date: | |

**Document Service Fee Information:**

| | |
|---|---|
| Deposit/Incurred Status: | No Deposit / Incurred Collected |
| Total Amount Paid Direct: | $0.00 |
| Service Fee | |
| Notes | |
| Witness Fee: | $0.00 |

**District Clerk's Office**
Tim Curry Justice Center
401 West Belknap, Fort Worth, Texas 76196, Contact Us
Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

11

348-275296-14

FILED
TARRANT COUNTY
10/29/2014 4:37:37 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-275296-14

| | | |
|---|---|---|
| DIGITAL RECOGNITION NETWORK, INC., | ) ) ) | IN THE DISTRICT COURT |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| | ) | TARRANT COUNTY, TEXAS |
| ACCURATE ADJUSTMENTS, INC.; COASTLINE RECOVERY SERVICES, INC.; AFTER HOURS AUTO RECOVER; and SOLID SOLUTIONS 24/7, INC., | ) ) ) ) ) | |
| Defendants. | ) | 348th JUDICIAL DISTRICT |

## PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Plaintiff Digital Recognition, Inc. ("Plaintiff" or "DRN") files this Motion for Expedited

Discovery, and as grounds shows the Court as follows:

DRN has filed an Original Petition and Application for Injunctive Relief (the "Petition")

whereby it seeks injunctive relief and damages against Defendants Accurate Adjustments, Inc.

("Accurate"), Coastline Recovery Services, Inc. ("Coastline"), After Hours Auto Recovery

("After Hours"), and Solid Solutions 24/7, Inc. ("Solid") (collectively, the "Defendants"). In the

Petition, DRN sets forth facts showing that Defendants, former DRN licensees, wrongfully

possessed, used, and disclosed and continue to wrongfully possess, use, and disclose DRN's

trade secrets and highly confidential and proprietary business information (the "Confidential

Information"), and that Defendants are using that information to harm DRN and in violation of

certain License Agreements between Plaintiff and each Defendant (the "License Agreements")

and statutory and common law.   DRN's verified Petition, which is fully incorporated by

reference hereto, provides evidence supporting these causes of action and demonstrates a

probable right to relief on the merits of DRN's claims.

348-275296-14

In light of Defendants' continuing improper conduct and the ongoing harm suffered by DRN, time is of the essence.   DRN has requested the issuance of a temporary restraining order and temporary injunction to minimize the ongoing harm.   DRN, therefore, moves for entry of an order granting it expedited discovery to prepare for the temporary injunction hearing.

Under Texas Rule of Civil Procedure 191.1, this Court can modify procedures and limitations set forth in the rules pertaining to discovery upon showing of good cause.   TEX R. CIV. P. 191.1.   Here, good cause exists because DRN must conduct substantial discovery in preparation for the temporary injunction hearing to be scheduled in this case, and has only a short time period to do so.   As such, to fully prepare and meet its evidentiary burden, DRN must engage in expedited discovery.   DRN further requests that the expedited discovery be in addition to the standard discovery allowed under the Texas Rules of Civil Procedure, given that Defendants' actions have necessitated the temporary restraining order and injunction and, thus, expedited discovery.

Prior to the injunction hearing, Plaintiff requests that the Court allow the following discovery on an expedited basis:

1.   Service of one set of no more than thirteen requests for production to each Defendant, with each Defendant's response due within five calendar days of the date the Defendant is served with the request;

2.   Service of one set of no more than ten interrogatories to each Defendant, with the each Defendant's response due within five calendar days of the date the Defendant is served with the request;

3.   Service of a request for disclosure under Texas Rule of Civil Procedure 194.2 to each Defendant, with the each Defendant's response due within five calendar days of the date the Defendant is served with the request; and

4.   Schedule and conduct a three-hour deposition of each of the following three individuals on at least five calendar days' notice (or as otherwise agreed by the parties):

348-275296-14

   a.  Shane Freitas, President, Defendant Accurate;

   b.  Wes Englebrecht, President, Defendant After Hours Auto Recovery; and

   c.  Scott Fornaro, President, Coastline Recovery Services, Inc.

WHEREFORE, DRN respectfully requests that the Court grant this motion; give DRN

leave to engage in the expedited discovery requested herein; and award all such other and further

relief to which DRN may be justly entitled.

Respectfully submitted,

By:   */s/ W. Alan Wright*
    **Cole B. Ramey**
    State Bar No. 16494980
    **W. Alan Wright**
    State Bar No. 22062700
    **Tamara D. Baggett**
    State Bar No. 24058573

**CROUCH & RAMEY, LLP**
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 922-7100
Facsimile: (214) 922-7101
E-mail: cramey@crouchfirm.com
      awright@crouchfirm.com
      tbaggett@crouchfirm.com

- and -

Douglas R. Hudman
State Bar No. 10149860
Matthew R. Hudman
State Bar No. 24041143
**HOLLAND, JOHNS & PENNY, LLP**
306 W. 7th Street, Suite 500
Ft. Worth, Texas 76102
Telephone: (817) 335-1050
Facsimile: (817) 332-3140
E-mail: drh@hjpllp.com

**ATTORNEYS FOR PLAINTIFF**
**DIGITAL RECOGNITION NETWORK, INC.**

348-275296-14

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record on this 29th day of October, 2014, by certified mail, return receipt requested and electronic mail, in accordance with the Texas Rules of Civil Procedure.

John H. McKinley
SHORE, MCKINLEY & CONGER, LLP
3031 West March Lane, Suite 230
Stockton, California  95219-6500

*/s/ W. Alan Wright*
W. Alan Wright

---

**12**

348-275296-14

CAUSE NO. 348-275296-14

| | | |
|---|---|---|
| DIGITAL RECOGNITION NETWORK, INC., | ) ) ) | IN THE DISTRICT COURT |
| Plaintiff, | ) ) | |
| vs. | ) ) | TARRANT COUNTY, TEXAS |
| ACCURATE ADJUSTMENTS, INC.; COASTLINE RECOVERY SERVICES, INC.; AFTER HOURS AUTO RECOVER; and SOLID SOLUTIONS 24/7, INC., | ) ) ) ) ) | |
| Defendants. | ) | 348th JUDICIAL DISTRICT |

## <u>ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY</u>

On this day, the Court conducted a hearing on Plaintiff's Motion for Expedited Discovery. After considering the motion, any response, and the arguments of counsel, the Court is of the opinion that the motion should be GRANTED.

It is therefore, ORDERED that Plaintiff is permitted to conduct the following expedited discovery:

1. Service of one set of no more than thirteen requests for production to each Defendant, with each Defendant's response due within five calendar days of the date the Defendant is served with the request;

2. Service of one set of no more than ten interrogatories to each Defendant, with each Defendant's response due within five calendar days of the date the Defendant is served with the request;

3. Service of a request for disclosure under Texas Rule of Civil Procedure 194.2 to each Defendant, with each Defendant's response due within five calendar days of the date the Defendant is served with the request; and

4. Schedule and conduct a three-hour deposition of each of the following three individuals on at least five calendar days' notice (or as otherwise agreed by the parties):

   a. Shane Freitas, President, Defendant Accurate;

   b. Wes Englebrecht, President, Defendant After Hours Auto Recovery; and

   c. Scott Fornaro, President, Coastline Recovery Services, Inc.

348-275296-14

It is further ORDERED that the expedited discovery herein ordered is in addition to the standard discovery allowed under the Texas Rules of Civil Procedure and shall not reduce the number of interrogatories or deposition hours available to the parties under Texas Rule of Civil Procedure 190.4.

SIGNED this _____ day of _____, 2014.


_____
HONORABLE JUDGE PRESIDING

**13**

348-275296-14

FILED
TARRANT COUNTY
10/31/2014 11:04:06 AM
THOMAS A. WILDER
DISTRICT CLERK



# CROUCH & RAMEY

Attorneys and Counselors | A Registered Limited Liability Partnership

Writer's Direct Dial:
214.922.7105

E-mail Address:
slamantia@crouchfirm.com

October 30, 2014

Mr. Thomas A. Wilder                                                **VIA E-FILE**
Tarrant County District Clerk
401 W. Belknap, 3rd Floor
Fort Worth, Texas 76196

> Re:  Cause No. 348-275296-14;  *Digital Recognition Network, Inc. v. Accurate Adjustments, Inc., Coastline Recovery Services, Inc., et al.*
> In the 348th Judicial District Court, Tarrant County, Texas.

Dear Mr. Wilder:

On October 29, 2014, our office electronically filed with the court Plaintiff's Original Petition and Application for Injunctive Relief and a Temporary Restraining Order was signed and set for hearing on November 12, 2014.  Attached is a Citation-Service Request Form for issuance of four (4) citations.  We kindly request that your offices prepare/issue citations to the following defendants:

1.  Accurate Adjustments, Inc.
    c/o registered agent, Shane Freitas
    1210 Auto Center Drive
    Lodi, California 95240

2.  Coastline Recovery Services, Inc.
    c/o registered agent, Paal H. Bakstad
    2619 Vanderbilt Lane, Unit A
    Redondo Beach, California 90278

3.  After Hours Auto Recovery
    c/o Wes Englebrecht, President
    1627 Lewis Brown Drive
    Vallejo, California 94589

4.  Solid Solutions 24/7, Inc.
    c/o Thomas K. Porta
    1410 Georgia St.
    Vallejo, California 94590

TARRANT COUNTY DISTRICT CLERK          348-275296-14
October 30, 2014
Page 2


We will serve the citation/petition via private process service.

Contemporaneously with this letter and Service Request Form, we will have paid all required filing fees including those for the notice of temporary restraining order, issuance of four (4) citations and the bond approval fee.

Thank you for your assistance in this regard.  If you have any questions, please do not hesitate to contact our office.

Sincerely,

/s/ Sara LaMantia

Sara LaMantia
Paralegal


SLL/
Attachment
71118.2 / 315557.1

348-275296-14

# THOMAS A. WILDER, DISTRICT CLERK
## TARRANT COUNTY E-FILING SERVICE REQUEST FORM
* This document MUST be filed as a **LEAD DOCUMENT REQUEST** for E-Filing.

**Cause No:** 348-275296-14

Style of Case: Digital Recognition Network, Inc. v. Accurate Adjustments, Inc., et al.

Please reference the Distict Clerk web page, **www.tarrantcounty.com/eDistrictClerk** for the following forms: Abstracts, Executions, Subpoenas.

**Choose the type of service documents for issuance and select the type and quantity of issuance(s) needed.**

☐ **Check box if you would like the District Clerk's Office to make copies for your service.** (add $.35 per page per pleading for copies for service)

| Quantity | Type of Service | TC Constable | Alternatvie Service (Private Process or Out of County) | Certified Mail |
|---|---|---|---|---|
| | Citation by Publication | | | |
| | Citation by Posting | | | |
| 4 | Citation | | Private Process | |
| | TRO | | | |
| | Show Cause | | | |
| | Capias | | | |
| | Arrest Warrant | | | |
| | Protective Order | | | |
| | Writ of Habeas | | | |
| | Writ of Attachment | | | |
| | Bench Warrant | | | |
| | Writ of Garnishment | | | |
| | Writ of Permanent Injunction | | | |
| | Writ of Temporary Injunction | | | |
| | | | | |
| | | | | |
| | | | | |

Name of Party to be served: **Accurate Adjustments, Inc.**   Service Type   **Private Process**
Address for Service: c/o registered agent, Shane Freitas   Party Type   **Defendant**
1210 Auto Center Dr., Lodi, CA 95240
Name of Party to be served: **Coastline Recovery Services, Inc.**   Service Type:   **Private Process**
Address for Service: c/o registered agent, Paal H. Bakstad   Party Type:   **Defendant**
2619 Vanderbilt Ln., Unit A, Redondo Beach, CA 90278
Name of Party to be served: **After Hours Auto Recovery**   Service Type:   **Private Process**
Address for Service: c/o Wes Englebrecht, President   Party Type:   **Defendant**
1627 Lewis Brown Dr., Vallejo, CA 94589

**Attach additional pages if there are more parties to be served.**
Name of Party to be served: **Solid Solutions 24,7, Inc.**   Service Type: **Defendant**
Address for Service: c/o registered agent, Thomas K. Porta, 1410 Georgia St., Vallejo, CA 94590   **Defendant**

**ATTORNEY(OR ATTORNEY'S AGENT) REQUESTING SERVICE:**
NAME:   **Cole B. Ramey**   TEXAS BAR NO./ID NO. 16494980
MAILING ADDRESS:   Crouch & Ramey, LLP, 2001 Ross Ave., Ste. 4400, Dallas, Texas 75201
PHONE NO:   (214) 922-7100   FAX NO.:   (214) 922-7101

EMAIL ADDRESS:   cramey@crouchfirm.com w/ copy to slamantia@crouchfirm.com

REVISED 12/20/13

**14**



# Tarrant County District Clerk Online
### Thomas A. Wilder, District Clerk

Civil - Document Service Information                                     **11/5/14 4:53 PM**

| | |
|---|---|
| Cause Number:        348-275296-14 | Date Filed: 10-29-2014 |
| DIGITAL RECOGNITION NETWORK, INC.   |VS| | ACCURATE ADJUSTMENTS, INC, ET AL |
| Cause of Action:     OTHER CIVIL, OTHER | |
| Case Status:         PENDING | |

**This is service attempt #1**

**Document Production Information:**

| | |
|---|---|
| Transaction Number: | 26 |
| Current Status: | CHECKED OUT |
| Transaction Description: | CIT-ISSUED ON ACCURATE ADJUSTMENTS INC.-On 11/04/2014 |
| Date Produced: | 11-04-2014 |
| Produced By: | KRUMLAND, KIMBERLY |
| Last Modified By: | KRUMLAND, KIMBERLY |

**Document Service Out Information:**

| | | |
|---|---|---|
| Service has been attempted 1 times. | This is service attempt #1 | |
| Attempts: | 1 | |
| Party To Serve: | ACCURATE ADJUSTMENTS INC. | |
| Checked Out: | 11-04-2014    2:42 PM | KRUMLAND, KIMBERLY |
| Checked Out By: | PVT PROCESS / p/u by lawton senderling | |

**Document Service In Information:**

| | |
|---|---|
| Checked In: | |
| Checked In By: | |
| Date Executed: | |
| Entry Date: | |

**Document Service Fee Information:**

| | |
|---|---|
| Deposit/Incurred Status: | No Deposit / Incurred Collected |
| Total Amount Paid Direct: | $0.00 |
| Service Fee | |
| Notes | |
| Witness Fee: | $0.00 |

**District Clerk's Office**

Tim Curry Justice Center

401 West Belknap, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

**15**

# Tarrant County District Clerk Online
### Thomas A. Wilder, District Clerk

| | |
|---|---|
| Civil - Document Service Information | 11/5/14 4:54 PM |

| | | |
|---|---|---|
| Cause Number: | 348-275296-14 | Date Filed: 10-29-2014 |
| DIGITAL RECOGNITION NETWORK, INC. | \| VS \| | ACCURATE ADJUSTMENTS, INC, ET AL |
| Cause of Action: | OTHER CIVIL, OTHER | |
| Case Status: | PENDING | |

**This is service attempt #1**

**Document Production Information:**

| | |
|---|---|
| Transaction Number: | 27 |
| Current Status: | CHECKED OUT |
| Transaction Description: | CIT-ISSUED ON COASTLINE RECOVERY SERVICES INC.-On 11/04/2014 |
| Date Produced: | 11-04-2014 |
| Produced By: | KRUMLAND, KIMBERLY |
| Last Modified By: | KRUMLAND, KIMBERLY |

**Document Service Out Information:**

| | | |
|---|---|---|
| Service has been attempted 1 times. | This is service attempt #1 | |
| Attempts: | 1 | |
| Party To Serve: | COASTLINE RECOVERY SERVICES INC. | |
| Checked Out: | 11-04-2014    2:42 PM | KRUMLAND, KIMBERLY |
| Checked Out By: | PVT PROCESS / p/u by lawton senderling | |

**Document Service In Information:**

| | |
|---|---|
| Checked In: | |
| Checked In By: | |
| Date Executed: | |
| Entry Date: | |

**Document Service Fee Information:**

| | |
|---|---|
| Deposit/Incurred Status: | No Deposit / Incurred Collected |
| Total Amount Paid Direct: | $0.00 |
| Service Fee | |
| Notes | |
| Witness Fee: | $0.00 |

**District Clerk's Office**

Tim Curry Justice Center

401 West Belknap, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

**16**

# **Tarrant County District Clerk Online**
## Thomas A. Wilder, District Clerk

| Civil - Document Service Information | 11/5/14 4:54 PM |
|---|---|

| | | | |
|---|---|---|---|
| Cause Number: | 348-275296-14 | | Date Filed: 10-29-2014 |
| DIGITAL RECOGNITION NETWORK, INC. | | \| VS \| | ACCURATE ADJUSTMENTS, INC, ET AL |
| Cause of Action: | OTHER CIVIL, OTHER | | |
| Case Status: | PENDING | | |

**This is service attempt #1**

**Document Production Information:**

| | |
|---|---|
| Transaction Number: | 28 |
| Current Status: | CHECKED OUT |
| Transaction Description: | CIT-ISSUED ON AFTER HOURS AUTO RECOVERY-On 11/04/2014 |
| Date Produced: | 11-04-2014 |
| Produced By: | KRUMLAND, KIMBERLY |
| Last Modified By: | KRUMLAND, KIMBERLY |

**Document Service Out Information:**

| | | |
|---|---|---|
| Service has been attempted 1 times. | This is service attempt #1 | |
| Attempts: | 1 | |
| Party To Serve: | AFTER HOURS AUTO RECOVERY | |
| Checked Out: | 11-04-2014    2:42 PM | KRUMLAND, KIMBERLY |
| Checked Out By: | PVT PROCESS / p/u by lawton senderling | |

**Document Service In Information:**

| |
|---|
| Checked In: |
| Checked In By: |
| Date Executed: |
| Entry Date: |

**Document Service Fee Information:**

| | |
|---|---|
| Deposit/Incurred Status: | No Deposit / Incurred Collected |
| Total Amount Paid Direct: | $0.00 |
| Service Fee | |
| Notes | |
| Witness Fee: | $0.00 |

**District Clerk's Office**

Tim Curry Justice Center

401 West Belknap, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

**17**



# Tarrant County District Clerk Online
### Thomas A. Wilder, District Clerk

| Civil - Document Service Information | 11/5/14 4:54 PM |
|---|---|

| Cause Number: | 348-275296-14 | | Date Filed: 10-29-2014 |
|---|---|---|---|
| | DIGITAL RECOGNITION NETWORK, INC. | | VS | | ACCURATE ADJUSTMENTS, INC, ET AL |

Cause of Action:     OTHER CIVIL, OTHER
Case Status:          PENDING

### This is service attempt #1

**Document Production Information:**

| Transaction Number: | 29 |
|---|---|
| Current Status: | CHECKED OUT |
| Transaction Description: | CIT-ISSUED ON SOLID SOLUTIONS 24/7 INC.-On 11/04/2014 |
| Date Produced: | 11-04-2014 |
| Produced By: | KRUMLAND, KIMBERLY |
| Last Modified By: | KRUMLAND, KIMBERLY |

**Document Service Out Information:**

| Service has been attempted 1 times. | This is service attempt #1 | |
|---|---|---|
| Attempts: | 1 | |
| Party To Serve: | SOLID SOLUTIONS 24/7 INC. | |
| Checked Out: | 11-04-2014    2:42 PM | KRUMLAND, KIMBERLY |
| Checked Out By: | PVT PROCESS / p/u by lawton senderling | |

**Document Service In Information:**

Checked In:
Checked In By:
Date Executed:
Entry Date:

**Document Service Fee Information:**

| Deposit/Incurred Status: | No Deposit / Incurred Collected |
|---|---|
| Total Amount Paid Direct: | $0.00 |
| Service Fee | |
| Notes | |
| Witness Fee: | $0.00 |

### District Clerk's Office
Tim Curry Justice Center
401 West Belknap, Fort Worth, Texas 76196, Contact Us
Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

**18**

348-275296-14

FILED
TARRANT COUNTY
11/5/2014 10:44:40 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-275296-14

| | | |
|---|---|---|
| DIGITAL RECOGNITION<br>NETWORK, INC., | ) <br> ) <br> ) | IN THE DISTRICT COURT |
| Plaintiff, | ) <br> ) | |
| vs. | ) <br> ) | |
| | ) | TARRANT COUNTY, TEXAS |
| ACCURATE ADJUSTMENTS, INC.;<br>COASTLINE RECOVERY SERVICES,<br>INC.; AFTER HOURS AUTO RECOVER;<br>and SOLID SOLUTIONS 24/7, INC., | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | 348th JUDICIAL DISTRICT |

## PLAINTIFF'S MOTION TO EXTEND TEMPORARY RESTRAINING ORDER

Plaintiff Digital Recognition, Inc. ("Plaintiff" or "DRN") files this Motion to Extend

Temporary Restraining Order, and as grounds shows the Court as follows:

1.    On October 29, 2014, DRN filed a verified Original Petition and Application for

Injunctive Relief (the "Petition") whereby it seeks injunctive relief and damages against

Defendants Accurate Adjustments, Inc. ("Accurate"), Coastline Recovery Services, Inc.

("Coastline"), After Hours Auto Recovery ("After Hours"), and Solid Solutions 24/7, Inc.

("Solid") (collectively, the "Defendants").  In the Petition, DRN sets forth facts showing that

Defendants, former DRN licensees, wrongfully possessed, used, and disclosed and continue to

wrongfully possess, use, and disclose DRN's trade secrets and highly confidential and

proprietary business information (the "Confidential Information"), and that Defendants are using

that information to harm DRN and in violation of certain License Agreements between Plaintiff

and each Defendant (the "License Agreements") and statutory and common law.  In support of

its Application for Injunctive Relief, DRN also filed on October 29, 2014 a Motion for Expedited

Discovery.

348-275296-14

2.     On October 29, 2014, the Court signed a Temporary Restraining Order ("TRO") restraining Defendants, their agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities directly or indirectly in active concert, communication or participation with them who receive actual notice of the TRO, by personal service or otherwise, jointly or severally, from the continued use and disclosure of DRN's Confidential Information and Intellectual Property on the terms and conditions set forth in the TRO.

3.     The TRO set the temporary injunction hearing in this cause for 8:30 a.m. on November 12, 2014.

4.     The undersigned counsel for DRN were informed on Saturday, November 1, 2014, that Defendants will be represented by Peter Spingola and Sara Siegall of the Chicago law firm of Chapman Spingola LLP.  On November 4, 2014, DRN's counsel spoke by telephone with Mr. Spingola and Ms. Siegall and inquired whether they would accept service on behalf of Defendants.  Mr. Spingola and Ms. Siegall stated that they would consider the request and respond at a later time.  DRN's counsel also asked whether Defendants could agree to any of the relief requested in DRN's Motion to Expedite Discovery and was informed that Defendants oppose the Motion to Expedite Discovery.  Finally, Defendants' counsel stated that Defendants would oppose any extension of the TRO.

5.     Although DRN's counsel requested issuance of citations for Defendants on October 30, 2014, the citations did not issue until November 4, 2014.  As a result, Defendants (all of whom are in California) have not yet been served.  As a result, DRN is hampered in its efforts to obtain necessary discovery to prepare for the November 12 temporary injunction hearing.

348-275296-14

6.     Texas Rule of Civil Procedure 680 authorizes the trial court, for good cause

shown, to extend the TRO for a 14-day period.  DRN requests that the Court exercise its

authority under Rule 680 and extend the TRO for 14 days, to November 26, 2014.  The requested

extension will provide DRN with time it needs to complete service on Defendants and take

discovery in order to prepare for the temporary injunction hearing.

WHEREFORE, DRN respectfully requests that the Court grant this motion; extend the

Temporary Restraining Order to November 26, 2014; and award all such other and further relief

to which DRN may be justly entitled.

Respectfully submitted,

By:     /s/ W. Alan Wright
**Cole B. Ramey**
State Bar No. 16494980
**W. Alan Wright**
State Bar No. 22062700
**Tamara D. Baggett**
State Bar No. 24058573

**CROUCH & RAMEY, LLP**
2001 Ross Avenue, Suite 4400
Dallas, Texas  75201
Telephone:  (214) 922-7100
Facsimile:   (214) 922-7101
E-mail:  cramey@crouchfirm.com
         awright@crouchfirm.com
         tbaggett@crouchfirm.com

- and -

Douglas R. Hudman
State Bar No. 10149860
Matthew R. Hudman
State Bar No. 24041143
**HOLLAND, JOHNS & PENNY, LLP**
306 W. 7th Street, Suite 500
Ft. Worth, Texas  76102
Telephone:  (817) 335-1050
Facsimile:  (817) 332-3140
E-mail:  drh@hjpllp.com

**ATTORNEYS FOR PLAINTIFF**
**DIGITAL RECOGNITION NETWORK, INC.**

348-275296-14

## CERTIFICATE OF CONFERENCE

I certify that I spoke with Defendants' counsel, Peter Spingola and Sara Siegall, on November 4, 2014 regarding the relief requested in this Motion. Mr. Spingola stated that Defendants oppose any extension of the Temporary Restraining Order in this cause.

/s/ W. Alan Wright
W. Alan Wright

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record on this 5th day of November, 2014, by certified mail, return receipt requested and electronic mail, in accordance with the Texas Rules of Civil Procedure.

Peter M. Spingola
Sara Siegall
CHAPMAN SPINGOLA LLP
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601

/s/ W. Alan Wright
W. Alan Wright

**19**

348-275296-14

CAUSE NO. 348-275296-14

| | | |
|---|---|---|
| DIGITAL RECOGNITION | ) | IN THE DISTRICT COURT |
| NETWORK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | TARRANT COUNTY, TEXAS |
| ACCURATE ADJUSTMENTS, INC.; | ) | |
| COASTLINE RECOVERY SERVICES, | ) | |
| INC.; AFTER HOURS AUTO RECOVER; | ) | |
| and SOLID SOLUTIONS 24/7, INC., | ) | |
| | ) | |
| Defendants. | ) | 348th JUDICIAL DISTRICT |

## ORDER EXTENDING TEMPORARY RESTRAINING ORDER

On the 29th day of October, 2014, came on for hearing Plaintiff Digital Recognition Network, Inc.'s ("Plaintiff" or "DRN") verified Application for Temporary Restraining Order (the "Application"), seeking entry of a temporary restraining order pending hearing and determination of DRN's application for a temporary injunction as set forth in Plaintiff's Original Petition and Application for Injunctive Relief. The Court found from the specific facts shown at the hearing and/or as a matter of record that (i) Defendants Accurate Adjustments, Inc. ("Accurate"), Coastline Recovery Services, Inc. ("Coastline"), After Hours Auto Recovery ("After Hours") and Solid Solutions 24/7, Inc. ("Solid") (collectively, the "Defendants") have improperly used and disclosed information regarding DRN's trade secrets and highly confidential and proprietary business information (the "Confidential Information") and DNR's intellectual property as defined in the License Agreement executed by each Defendant (the "Intellectual Property"), (ii) Defendants have subjected DRN to annoyance, harassment, and expense by their actions, (iii) there is a substantial likelihood that DRN will be irreparably harmed by Defendants' continued use and disclosure of DRN's Confidential Information and

348-275296-14

Intellectual Property, (iv) DRN has no adequate remedy at law for the foregoing wrongful conduct of Defendants, (v) immediate and irreparable injury, loss, or damage will result to DRN unless this Order is entered, and (vi) the injunctive relief requested herein by DRN is the least restrictive means to prevent irreparable injury to DRN. It clearly appears from the facts set forth in the Application that, unless Defendants are immediately restrained from using and disclosing DRN's Confidential Information and Intellectual Property, Defendants will continue to commit the foregoing acts before notice can be given and a hearing is had on the Application; and that if the commission of these acts is not restrained immediately, DRN will be irreparably damaged because Defendants will continue to use and disclose DRN's Confidential Information and Intellectual Property, which DRN contends are confidential and proprietary information and trade secrets. If the Application is not granted, harm is imminent because DRN's property and business will be irreparably harmed by Defendants' continued use and disclosure of DRN's Confidential Information and Intellectual Property.

Based on the foregoing, the Court signed a Temporary Restraining Order on October 29, 2014, pursuant to which Defendants, their agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities directly or indirectly in active concert, communication or participation with them who receive actual notice of this Order, by personal service or otherwise, jointly or severally, were restrained from taking the actions set forth in the Temporary Restraining Order until the temporary injunction hearing set for 8:30 a.m. on November 12, 2014. The Court notified Plaintiff's counsel on October 29, 2014 that, due to the Court's schedule, it might be necessary to reset the temporary injunction hearing from November 12, 2014. The Court has also been informed and finds that (i) due to delay in issuance of citations, Defendants have not yet been served, (ii) Defendants oppose any extension of the

348-275296-14

Temporary Restraining Order, and (iii) Defendants oppose any expedited discovery in this cause. Pursuant to Texas Rule of Civil Procedure 680, the Court hereby extends the Temporary Restraining Order to November _____, 2014, and it is accordingly

ORDERED that Defendants Accurate Adjustments, Inc., Coastline Recovery Services, Inc., After Hours Auto Recovery, and Solid Solutions 24/7, Inc., their agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities directly or indirectly in active concert, communication or participation with them who receive actual notice of this Order, by personal service or otherwise, jointly or severally, are hereby restrained from:

(a)     taking any action to use, divulge, disclose, access, disseminate, communicate or transfer information regarding DRN's proprietary information, compilations, methods, techniques, processes, and data, or any other DRN practice or procedure used in its operations that was learned or obtained by Defendants by means of their contracts and agreements with DRN, including but not limited to DNR's Confidential Information and the DNR Intellectual Property (as defined in the Licensing Agreements), DRN Car Detector software and DSP software;

(b)     taking any action to use, divulge, disclose, access, disseminate, communicate, hypothecate, encumber, convey, transfer or convert any tangible or physical documents, data, or other property of any kind or character owned by DRN or removed at any time from DRN's premises or systems, including but not limited to DNR's Confidential Information and the DNR Intellectual Property (as defined in the Licensing Agreements), DRN Car Detector software and DSP software;

(c)     Engaging or investing in, owning, managing, operating, financing, controlling or

348-275296-14

participating in the ownership, management, operation, financing or control of, or being employed by, associated with or in any manner connected with, or rendering services or advice or other aid to, or guaranteeing any obligation of, any person or entity engaged in or planning to become engaged in the business of using LPR technology and LPR data for the purpose of recovering vehicles sought for recovery within the financial, lending or insurance industries or assisting in debt collection efforts on behalf of municipalities and governmental entities; and

(d)      destroying, transferring, conveying, assigning, moving or removing, altering, alienating or hiding any DRN documents, communications or materials existing in hard paper form, or DRN documents, communications (including electronic mail and text messages), materials or data existing on servers, computers, hard drives, disks, tapes or other electronic media, as well as on any internet "cloud" host or server, under the control or constructive control or possession of any of the Defendants or their agents, attorneys or representatives, or to which they have access, to the extent they were obtained by Defendants during or in connection with their affiliation with DRN, including but not limited to DNR's Confidential Information and the DNR Intellectual Property (as defined in the Licensing Agreements), LPR Data, LPR Hotlist, Hits, the DRN System, DRN Car Detector software, DRN WebRepo software, the DRN Portal software application, all firmware contained on the DSPs, and all OCR software contained on the laptop and DSP; and it is further

348-275296-14

ORDERED that this Temporary Restraining Order shall remain in effect as provided by Texas Rule of Civil Procedure 680 or until the Court can hear and determine DRN's application for a temporary injunction or further order of the Court. **A hearing on DRN's application for a temporary injunction is hereby set for November _____, 2014, at _____ o'clock, __.m.**

This Court previously fixed the amount of security or bond to be given by the applicant to be $2,500.00. DRN posted a law firm check in lieu of bond in that amount on October 29, 2014. Pursuant to TEX. R. CIV. P. 684, DRN's law firm check in lieu of bond remains sufficient as security for the Temporary Restraining Order and this Order Extending Temporary Restraining Order.

SIGNED this _____ day of _____, 2014.

_____
HONORABLE JUDGE PRESIDING