U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 8 2016

CLERK, U.S. DISTRICT COURT
By _____
  Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DIGITAL RECOGNITION NETWORK, §
INC., §
 §
      Plaintiff, §
 §
VS. § NO. 4:14-CV-903-A
 §
ACCURATE ADJUSTMENTS, INC., §
ET AL., §
 §
      Defendants. §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiff, Digital Recognition Network, Inc., for partial summary judgment. The court, having considered the motion, the response of defendants, Accurate Adjustments, Inc., Coastline Recovery Services, Inc., After Hours Auto Recovery, and Solid Solutions 24/7, Inc., the reply, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted in part as set forth herein.

I.

### Grounds of the Motion

Plaintiff appears to contend[1] that it is entitled to judgment on defendants' antitrust, breach of contract, and DTPA

---

[1] Plaintiff's motion itself is fairly succinct; however, the brief in support is rather confusing, discussing in the "summary" section only a few of the claims and containing a rambling discussion in the "argument and authorities" section. Defendants' response is likewise unhelpful, reordering the discussion of plaintiff's grounds and separating the recitation of summary judgment evidence from the discussion of applicable law.

claims and that it is entitled to judgment against defendants for breach of contract. Plaintiff also says it is entitled to judgment on its affirmative defenses of novation and accord and satisfaction. And, it seeks an award of attorney's fees and expenses under the DTPA.

II.

Applicable Legal Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its

case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[2] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

---

[2] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

III.

Analysis

A. Breach of Contract

Each side claims that the other breached the contract between them. The motion addresses both plaintiff's breach of contract claims against defendants and their counterclaim against plaintiff. Preliminary to determining breach is the matter of the terms of the pertinent contract. Plaintiff relies on the terms of the 2014 license agreements, which defendants say incorporates certain oral agreements. As defendants point out, the integration clause of the 2014 license agreement contains wording slightly different from the norm. It states:

> This Agreement supersedes all prior Agreements, whether written, **not oral**, between the parties with respect to the subject matter and constitutes (along with any documents delivered pursuant to this Agreement) a complete and exclusive statement of the terms of the agreement between the parties with respect to its subject matter.

E.g., Doc.³ 88 at 168 (emphasis added). Defendants want this language to mean that the license agreements are subject to alleged oral agreements between them and plaintiff. However, that reading would ignore the remainder of the sentence, which clearly refers to the writing and any documents delivered pursuant to the agreement as the complete and exclusive statement of its terms.

---

³The "Doc." reference is to the number of the item on the court's docket in this action.

The "not" was obviously intended to be "or" and any other reading would render the provision nonsensical. See, e.g., Restatement (Second) of Contracts, § 203(a). In addition, the license agreement provides that it cannot be amended, supplemented, or otherwise modified except by written agreement signed by the parties. E.g., Doc. 88 at 86. Further, although two of the defendants added a handwritten note below their signatures, the notes simply reflect that other handwritten[4] changes to the agreement (referred to as "addendums") were made pursuant to a certain email and later verbal discussions with plaintiff. Id. at 88 & 170. They do not support the contention that there was an oral agreement that rendered major portions of the license agreement, including the covenant not to compete, a nullity. But, in any event, the parol evidence rule and doctrine of integration would preclude its enforcement. Beijing Metals & Minerals Imp./Exp. Corp. v. Am. Bus. Ctr., Inc., 993 F.2d 1178, 1182-83 (5th Cir. 1993); Jack H. Brown & Co. v. Toys "R" Us, Inc., 906 F.2d 169, 176 (5th Cir. 1990).

As for plaintiff's breach of contract claims against defendants, the summary judgment evidence establishes that

---

[4] The court notes that defendants claim to have made a change to a typewritten provision in the agreement, Doc. 88 at 15 & 74, which leads the court to wonder how the "not oral" came to be included in the integration clause. The summary judgment evidence indicates that at least one earlier typewritten agreement had been surreptitiously changed by a defendant. Doc. 102 at 66-67.

defendants violated the license agreements[5] by collecting confidential information through their admitted use of the so-called "sync tool" both before and after plaintiff terminated the agreements.[6] In addition, Accurate admits that it allowed another repossession company to use the sync tool. Doc. 88 at 11. And, defendants have continued to use plaintiff's proprietary materials to collect data since termination of the agreements.

As for defendants' counterclaim with regard to breach of contract, they have not come forward with any summary judgment evidence to establish that plaintiff violated the agreements that preceded the license agreement.[7] (In fact, they do not directly address this matter. In response to plaintiff's novation argument, they refer only to their counterclaim, which is not summary judgment evidence. Doc. 101 at 49.) And, as for the 2014 license agreements, the law is clear that defendants' breach relieved plaintiff of the obligation to continue to perform under

---

[5]The arguments that the license agreements were invalid are unavailing. The summary judgment evidence shows that the parties considered them binding. Stanissis v. DynCorp Int'l, LLC, No. 3:14-CV-2736-D, 2015 WL 9478184, at *8 (N.D. Tex. Dec. 29, 2015). The agreements are supported by consideration. Northern Nat. Gas Co. v. Conoco, Inc., 986 S.W.2d 603, 607 (Tex. 1998). And, the enforceability of the limitation of liability provision does not impact the claims asserted here, as that provision simply need not be enforced. See Transamerica Ins. Co. v. Avenell, 66 F.3d 715, 722 (5th Cir. 1995); Mansfield Heliflight, Inc. v. Bell/Agusta Aerospace Co., LLC, 507 F. Supp. 2d 638, 645-46 (N.D. Tex. 2007).

[6]It is clear that this tool allowed each defendant to have access to confidential information collected by the others.

[7]Thus, a discussion of novation and accord and satisfaction is not necessary.

the agreements. <u>Mustang Pipeline Co. v. Driver Pipeline Co.</u>, 134 S.W.3d 195, 196 (Tex. 2004).[8]

B. <u>Deceptive Trade Practices</u>

Plaintiff maintains that defendants cannot prevail on their claims under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code §§ 17.41-.63, because such claims are barred by limitations or, alternatively, because defendants cannot establish reliance on any laundry list deceptive representation or that plaintiff engaged in any unconscionable act.[9] As defendants note, their counterclaim is deemed timely. Tex. Civ. Prac. & Rem. Code § 16.069. And, in any event, some of the representations upon which they rely took place within two years of the filing of the counterclaim. However, defendants have not pointed to any summary judgment evidence to establish a genuine fact issue as to the substance of their DTPA claims.

As evidence of unconscionable actions, defendants cite to certain pages of the summary judgment appendices, but the pages they cite do not support the allegations. Doc. 101 at 30-31. They cite no act or practice that took advantage of their lack of

---

[8]Plaintiff does acknowledge that, pursuant to the course of dealing between the parties, it was two months in arrears in making revenue share payments to defendants and has not paid sums due from June 1, 2014, through September 19, 2014.

[9]The court is not considering any additional arguments made for the first time in plaintiff's reply.

7

knowledge, ability, capacity, or experience to a grossly unfair degree. Tex. Bus. & Com. Code § 17.45(5). The agreement not to compete was signed freely by defendants and had been part of their deal with plaintiff before the license agreements were executed. Defendants have not shown that the provision was unenforceable. By signing the license agreements, defendants were only postponing the inevitable once they ceased doing business with plaintiff.

As for the alleged misrepresentations, the evidence cited is to the effect that plaintiff may have overpaid in some instances and underpaid in others and that some affiliates had trouble understanding how payments were calculated. Doc. 102 at 86-87. 229. Moreover, plaintiff would try to rectify incorrect payments if brought to its attention. Doc. 103 at 400; Doc. 102 at 138. Certainly, plaintiff anticipated that the new methodology to be applied under the license agreements would be more precise. Doc. 102 at 229.

Defendants say in a footnote that plaintiff's request for attorney's fees under the DTPA should be denied given the "ample evidence" in support of their claims. Doc. 101 at 34, n. 8. Although the court does not agree, the court is not making an award at this time, leaving for trial the proving up of the necessary elements of such recovery.

C.  <u>Antitrust Claim</u>

As the court has previously noted, Doc. 65, the elements of a claim for monopolization are (1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident. <u>Eastman Kodak Co. v. Image Tech. Servs., Inc.</u>, 504 U.S. 451, 481 (1992). To have standing to assert an antitrust claim, one must suffer an antitrust injury; that is, the damages must flow from anticompetitive conduct. <u>L-3 Communications Integrated Sys., L.P. v. Lockheed Martin Corp.</u>, No. 3:07-CV-0341-B, 2008 WL 4391020, at *3 (N.D. Tex. Sept. 29, 2008); <u>Nat'l Athletic Trainers' Ass'n, Inc. v. Am. Phys. Therapy Ass'n</u>, No. 3:08-CV-0158-G, 2008 WL 4146022, at *4 (N.D. Tex. Sept. 9, 2008).

Here, defendants rely exclusively on the report of their expert, Jesse David, to establish their antitrust claim. As plaintiff points out, the report is not competent summary judgment evidence and does not raise a fact issue for trial. The report is not verified. <u>See</u> <u>Provident Life & Acc. Ins. Co. v. Goel</u>, 274 F.3d 984, 1000 (5th Cir. 2001); <u>Highland Capital Mgmt. L.P. v. Bank of Am., N.A.</u>, No. 3:10-CV-1632-L, 2013 WL 4502789, at *6 (N.D. Tex. Aug. 23, 2013), <u>aff'd</u>, 574 F. App'x 486 (5th

Cir. 2014). Defendants' offer to add an affidavit[10] to the effect that all of the statements and opinions in the report are true and accurate "to the best of [the expert's] personal knowledge and belief" does not make the report admissible. Fed. R. Civ. P. 56(c)(4); Carter v. Ranatza, No. 13-797, 2015 WL 1457523, at *4 (M.D. La. Mar. 30, 2015). Moreover, the report is replete with hearsay, general allegations and self-serving conclusions that do not present competent summary judgment evidence. Galindo v. Precision Am. Corp., 754 F.2d 1212, 1216 (5th Cir. 1985); Pan-Islamic Trade Corp. v. Exxon Corp., 632 F.2d 539, 556 (5th Cir. 1980). And, based on the report itself, the court is not satisfied that the expert would be allowed to testify at trial in any event.

Defendants have failed to come forward with competent summary judgment evidence to establish the relevant market and plaintiff's ability to control prices and exclude competition. See Doc. 107 at 8-17. (Defendants' own testimony would tend to establish that plaintiff's market share came about as a result of a superior product and perhaps business acumen.) Nor have they

---

[10] The document alleged to be an affidavit does not contain a jurat and is actually a declaration under 28 U.S.C. §1746. Doc. 110 at 4.

shown an antitrust injury based on the theory they have pleaded.[11] Id.

## IV.

### Order

For the reasons discussed herein,

The court ORDERS that plaintiff's motion for partial summary judgment be, and is hereby, granted in part; defendants' liability on plaintiff's breach of contract claim be, and is hereby, established; defendants take nothing on their counterclaim against plaintiff, and such counterclaim be, and is hereby, dismissed. The court ORDERS that, except as granted herein, the motion for partial summary judgment be, and is hereby, denied.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of defendants' counterclaim.

SIGNED March 8, 2016.

_____
JOHN McBRYDE
United States District Judge

---

[11] In particular, defendants have not pleaded that plaintiff's agreements with lenders and forwarders illegally restrict competition. Doc. 52 at 58-60.