ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 1 4 2016
4:29

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| DIGITAL RECOGNITION NETWORK, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Civil Action No. 4:14-CV-00903-A |
| ACCURATE ADJUSTMENTS, INC.; COASTLINE RECOVERY SERVICES, INC.; AFTER HOURS AUTO RECOVERY; and SOLID SOLUTIONS 24/7, INC., | ) ) ) ) ) |
| Defendants. | ) |

## APPENDIX IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

Cole B. Ramey
State Bar No. 16494980
W. Alan Wright
State Bar No. 22062700
**KILPATRICK TOWNSEND & STOCKTON LLP**
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 922-7100
Facsimile: (214) 922-7101
E-mail: cramey@kilpatricktownsend.com
        alan.wright@kilpatricktownsend.com

Douglas R. Hudman
State Bar No. 10149860
Matthew R. Hudman
State Bar No. 24041143
**HOLLAND, JOHNS & PENNY, LLP**
306 W. 7th Street, Suite 500
Ft. Worth, Texas 76102
Telephone: (817) 335-1050
Facsimile: (817) 332-3140
E-mail: drh@hjpllp.com

*Counsel for Plaintiff*

Plaintiff Digital Recognition Network, Inc. ("Plaintiff" or "DRN") files this Appendix in

Support of its Motion to Compel as follows:

## DOCUMENTS CONTAINED IN APPENDIX

| EXHIBIT | DESCRIPTION | APPENDIX PAGES |
|---------|-------------|----------------|
| 1 | Defendant Accurate Adjustments, Inc.'s Responses and Objections to Plaintiff's First Set of Requests for Admission | App. 000001-000012 |
| 2 | Defendant Accurate Adjustments, Inc.'s Response and Objections to Plaintiff's First Set of Interrogatories | App. 000013-000032 |
| 3 | Defendant Accurate Adjustments, Inc.'s Response and Objections to Plaintiff's Second Request for Production | App. 000033-000049 |
| 4 | Defendant After Hours Auto Recovery Services, Inc.'s Responses and Objections to Plaintiff's First Set of Requests for Admission | App. 000050-000061 |
| 5 | Defendant After Hours Auto Recovery Services, Inc.'s Responses and Objections to Plaintiff's First Set of Interrogatories | App. 000062-000081 |
| 6 | Defendant After Hours Auto Recovery Services, Inc.'s Responses and Objections to Plaintiff's Second Request for Production | App. 000082-000098 |
| 7 | Defendant Coast Line Recovery Services, Inc.'s Responses and Objections to Plaintiff's First Set of Requests for Admission | App. 000099-000110 |
| 8 | Defendant Coast Line Recovery Services, Inc.'s Responses and Objections to Plaintiff's First Set of Interrogatories | App. 000111-000129 |
| 9 | Defendant Coast Line Recovery Services, Inc.'s Responses and Objections to Plaintiff's Second Request for Production | App. 000130-000146 |
| 10 | Defendant Solid Solutions 24/7, Inc.'s Responses and Objections to Plaintiff's First Set of Requests for Admission | App. 000147-000158 |
| 11 | Defendant Solid Solutions 24/7, Inc.'s Responses and Objections to Plaintiff's First Set of Interrogatories | App. 000159-000179 |
| 12 | Defendant Solid Solutions 24/7, Inc.'s Responses and Objections to Plaintiff's Second Request for Production | App. 000180-000196 |
| 13 | Plaintiff's First Request for Admissions to Defendant Accurate Adjustments, Inc. | App. 000197-000206 |
| 14 | Plaintiff's First Request for Admissions to Defendant After Hours Auto Recovery, Inc. | App. 000207-000216 |

| 15 | Plaintiff's First Request for Admissions to Defendant Coastline Recovery Services, Inc. | App. 000217-000226 |
| 16 | Plaintiff's First Request for Admissions to Defendant Solid Solutions 24/7, Inc. | App. 000227-000236 |
| 17 | Plaintiff's First Set of Interrogatories to Defendant Accurate Adjustments, Inc. | App. 000237-000248 |
| 18 | Plaintiff's First Set of Interrogatories to Defendant After Hours Auto Recovery | App. 000249-000260 |
| 19 | Plaintiff's First Set of Interrogatories to Defendant Coastline Recovery Services, Inc. | App. 000261-000272 |
| 20 | Plaintiff's First Set of Interrogatories to Defendant Solid Solutions 24/7, Inc. | App. 000273-000284 |
| 21 | Plaintiff's Second Request for Production to Defendant Accurate Adjustments, Inc. | App. 000285-000297 |
| 22 | Plaintiff's Second Request for Production to Defendant After Hours Auto Recovery | App. 000298-000310 |
| 23 | Plaintiff's Second Request for Production to Defendant Coastline Recovery Services, Inc. | App. 000311-000323 |
| 24 | Plaintiff's Second Request for Production to Defendant Solid Solutions 24/7, Inc. | App. 000324-000336 |
| 25 | Meet and Confer e-mails | App. 000337-000357 |
| 26 | 4-15-2015 e-mail regarding document production | App. 000358-000359 |
| 27 | Confidentiality Agreement | App. 000360-000378 |

DATED: March 14, 2016

Respectfully submitted,

By: _____

**Cole B. Ramey**
State Bar No. 16494980
**W. Alan Wright**
State Bar No. 22062700

**KILPATRICK TOWNSEND & STOCKTON LLP**
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 922-7100
Facsimile: (214) 922-7101
E-mail: cramey@kilpatricktownsend.com
alan.wright@kilpatricktownsend.com

- and -

Douglas R. Hudman
State Bar No. 10149860
Matthew R. Hudman
State Bar No. 24041143
**HOLLAND, JOHNS & PENNY, LLP**
306 W. 7th Street, Suite 500
Ft. Worth, Texas 76102
Telephone: (817) 335-1050
Facsimile: (817) 332-3140
E-mail: drh@hjpllp.com

**ATTORNEYS FOR PLAINTIFF
DIGITAL RECOGNITION NETWORK, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 14th of March, 2016, a true and correct copy of the foregoing document was forwarded to the following counsel of record via certified mail, return receipt requested, and PDF/e-mail.

Peter M. Spingola
Sara Siegall
CHAPMAN SPINGOLA, LLP
190 South LaSalle Street, Ste. 3850
Chicago, Illinois 60603
pspingola@chapmanspingola.com
ssiegall@chapmanspingola.com

Gina Viccinelli
HERMES LAW, P.C.
2001 N. Lamar Street, Suite 450
Dallas, Texas 75202
gina@hermes-law.com



W. Alan Wright

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| DIGITAL RECOGNITION NETWORK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 4:14-CV-00903-A |
| | ) | |
| ACCURATE ADJUSTMENTS, INC.; COASTLINE RECOVERY SERVICES, INC.; AFTER HOURS AUTO RECOVERY; and SOLID SOLUTIONS 24/7, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ACCURATE ADJUSTMENTS, INC.'S**
**RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

Defendant Accurate Adjustments, Inc. ("Accurate"), for its Responses and Objections to plaintiff Digital Recognition Network, Inc.'s ("DRN"), First Set of Requests for Admissions (collectively the "Requests" and each request therein a "Request"), states as follows:

**RESERVATION OF RIGHTS**

1.      Accurate's responses as set forth herein are based on information presently known and after reasonable inquiry.  Accurate therefore reserves the right to rely in the future on any facts, documents, or other information that may develop or subsequently come to its attention.

2.      Accurate also submits these responses and objections subject to, without waiving, and expressly preserving (i) any objections as to competence, relevance, materiality, and admissibility into evidence (in this or any other proceeding) of any document or information provided in response to the Requests; (ii) the right to object to further discovery involving or relating to the subject matter of the Requests or these responses and objections, including documents or other information produced in response to the Requests; and (iii) the right at any

**EXHIBIT 1**                    **APP. 000001**

time to revise, correct, supplement, or clarify any of the responses and objections herein.

3. Any objection or lack of objection to any portion of any Request is not an admission. Accurate does not admit, adopt, or acquiesce in any factual or legal contention, assertion, or characterization that is contained in the Requests.

4. Insofar as the intentional response by Accurate pursuant to any Request may be deemed to be a waiver of any privilege or right, such waiver shall be deemed to be a limited waiver with respect to that particular disclosure only. Any inadvertent production of any document shall not be deemed or construed to constitute a waiver of any privilege or right of Accurate, and Accurate reserves the right to demand that DRN return any such document and all copies thereof.

5. Any objection, failure to object, or other response to any Request does not indicate that any documents or information responsive to that Request in fact exist or that a fact is or is not true.

6. Accurate reserves the right to make future motions and objections relating to the Requests at any subsequent stage of this action, including, but not limited to, relating to the use of any information on any ground in any proceeding in any action and the right to object on any ground at any time to any demand for a further response to these or to any other Requests.

7. Accurate objects generally to the Requests to the extent they seek information or documents, related to: drafts; items collected or prepared in anticipation of litigation; that constitute attorney work product, such as material obtained as a result of investigation of counsel; that contain privileged attorney-client communications; that are subject to a joint defense or common interest privilege; or that are otherwise privileged or protected from disclosure.

8. All of Accurate's Responses are subject to the terms of the Confidentiality Agreement to which the Parties have stipulated.

2

## GENERAL OBJECTIONS

These General Objections are incorporated into each specific response below as if fully repeated therein:

1. Accurate objects generally to the Requests to the extent they are duplicative of discovery that has already been answered in this matter.

2. Accurate objects generally to the Requests to the extent they (i) seek to bring within their scope materials and information not relevant or material to the issues raised by this action, including any claims or defenses in this action, and (ii) are not within the scope of the applicable rules of civil procedure.

3. Accurate objects generally to the Requests to the extent that each such Request is unduly burdensome, overly broad, seeks documents or information that are not relevant, seeks documents or information that are not material, and is not reasonably calculated to lead to the discovery of admissible evidence.

4. With respect to those Requests as to which Accurate undertakes to produce responsive documents, Accurate will produce those documents, if any, in Accurate's possession that are reasonably retrievable after diligent search.

5. Accurate objects to the Requests to the extent they are overly broad, vague, and ambiguous or that responding thereto would be unduly burdensome, oppressive, or disproportionately expensive.

6. Accurate objects to the Requests to the extent they seek information or documents, including drafts, that were collected or prepared in anticipation of litigation; that constitute attorney work product, such as material obtained as a result of investigation of counsel; that contain privileged attorney-client communications; that are subject to a joint defense or common interest

3

privilege; or that are otherwise privileged or protected from disclosure.

7.     Accurate objects to the Requests to the extent they seek information or documents not in its possession, custody, control, or knowledge.

8.     Accurate objects to this discovery to the extent that any of this discovery inquires about "all," "each," or "every." Such discovery is objected to as being overly broad and unduly burdensome, as it would be unreasonable to expect, even after a reasonably diligent search and inquiry, that "all," "each," or "every" document, information, or thing falling within a description or topic can be or has been located, can be known, or was the same in every instance.

9.     Accurate's investigation is ongoing, and it expressly reserves the right to supplement its responses.

## OBJECTIONS TO DEFINITIONS

[2]     The terms "You," "Your," "Yours," "Defendant," and "Accurate" refer to Defendant Accurate Adjustments, Inc., and its agents, employees, representatives, accountants and attorneys, successors, assigns, subsidiaries, predecessors, affiliates, parents, and any other person(s) acting on its behalf or under its control, including, but not limited to, its officers, directors, and limited and general partners.

**OBJECTION**: Accurate objects to this definition to the extent it calls upon Accurate: (a) to locate or interview former employees or any other person not presently employed by Accurate; (b) to obtain documents possessed by individuals or entities outside of Accurate's control; or (c) to identify any custodian of records no longer known to Accurate. Accurate further objects to the definition to the extent that it calls for corporate knowledge of any and all individuals employed by Accurate, a corporate entity. Such discovery is objected to as being overly broad and unduly burdensome, as it would be unreasonable to expect, even after a reasonably diligent search, that any and all corporate knowledge of all individuals could be obtained. Subject to these objections, Accurate will respond with information within its possession, custody, or control, based on information that Accurate and its counsel were able to locate using reasonable diligence and

4

judgment and examination of Accurate's personnel that could reasonably be expected to yield responsive information. As used herein, the phrase "information within its possession, custody, or control," or phrases of similar import, should not be construed as a representation that each and every employee of Accurate has been questioned in connection with these responses, or that Accurate in fact has in its possession, custody or control any responsive information. Accurate's investigation is ongoing, and it expressly reserves the right to supplement its responses.

[5]     The term "Related Party" refers to any officers, directors, employees, shareholders, members, partners, agents or other representatives of Defendant.

**OBJECTION**: Accurate objects to this definition on the same basis as it objected to Definition No. 1, and hereby incorporates by reference, as though fully restated herein its objections to Definition No. 2.

[12]     The term "DRN Data" means any LPR Data collected by a DRN Affiliate using an LPR Kit.

**OBJECTION**: Accurate objects to this definition to the extent it implies DRN's ownership of data collected using ALPR Technology.

## OBJECTIONS TO INSTRUCTIONS

[1]     Furnish all information available to You and known by You, or in Your possession, or that of Your agents and attorneys or appearing in Your records.

**OBJECTION**: Accurate objects to this instruction on the basis that it exceeds the requirements of the Federal Rules of Civil Procedure and contradicts the purpose and spirit of requests for admission.

[5]     For any materials that You assert are privileged, protected, or otherwise exempt from discovery, provide the following for each withheld document:

(a) the specific grounds for the claim of privilege, protection, or other exemption;

(b) the type of material being withheld, and if the material is electronically stored information, the file format of the material;

(c) the subject matter of the material;

5

(d) the date of the material;

(e) the name, job title, and address of the author of the material;

(f) the name, job title, and address of each addressee of the material;

(g) the name, job title, and address of each person who received, was copied on, or otherwise saw all, part, or a summary of the material; and

(h) the name, job title, and address of the custodian of the material and the material's current location.

**OBJECTION**: Accurate objects to this instruction to the extent it conflicts with the requirements of or seeks more than is required by Fed. R. Civ. P. 26(b)(5)(A). Accurate further objects on the basis that it exceeds the requirements of the Federal Rules of Civil Procedure and contradicts the purpose and spirit of requests for admission.

## REQUESTS FOR ADMISSION

1.      Admit that Accurate first purchased an LPR Kit from DRN in March 2010.

**RESPONSE**: Admitted.

2.      Admit that Accurate has purchased a total of nine (9) LPR Kits.

**RESPONSE**: Denied. Accurate has purchased more than nine (9) LPR Kits in order to replace broken or damaged components and to keep its cameras operating. Many of these kits were purchased from previous owners of LPR systems.

3.      Admit that Accurate uses DRN Car Detector software to operate and control each LPR Kit acquired by Accurate.

**RESPONSE**: Accurate objects to this Request on the grounds that the phrase "operate and control" is vague and ambiguous. Notwithstanding and without waiving the foregoing objections, Accurate admits that Car Detector software purchased from DRN is used.

4.      Admit that the document identified in DRN's production as CONFIDENTIAL DRN097345-DRN097350 is a true and correct copy of the End User License Agreement Accurate received with each copy of DRN Car Detector software it acquired.

**RESPONSE**: Denied. Accurate received copies of the software from Vigilant Solutions, Inc. ("Vigilant") and other third party sellers that did not include the "End User License

6

Agreement" and in fact did not receive the "End User License Agreement" in at least one transaction with DRN.

     5.     Admit that Accurate accepted the End user License Agreement before using the DRN Car Detector software to operate its LPR Kits.

**RESPONSE**: Accurate objects to this Request on the grounds that it is vague and ambiguous as to the phase "accepted." Accurate further objects on the basis that this request is without reference to time or occasion. Notwithstanding and without waiving the foregoing objections, Accurate denies. Accurate received copies of the software from Vigilant and other third party sellers that did not include the "End User License Agreement" and in fact did not receive the "End User License Agreement" in at least one transaction with DRN.

     6.     Admit that the License Agreement was terminated on or before September 19, 2014.

**RESPONSE**: Accurate objects to this Request on the grounds that it is vague and ambiguous as to the phase "terminated." Notwithstanding and without waiving the foregoing objection, Accurate admits only that DRN contends that it "terminated" the License Agreement on or before September 19, 2014 and otherwise denies this request for admission.

     7.     Admit that Accurate continued to use the DRN Car Detector software after September 19, 2014.

**RESPONSE**: Accurate admits that, subsequent to September 19, 2014, it uninstalled the then-current version of the Car Detector Software that it had been using and re-installed an older version of the Car Detector software that it purchased from DRN and/or Vigilant.

     8.     Admit that Accurate continued to use the DRN Car Detector software after the License Agreement was terminated.

**RESPONSE**: Accurate objects to this Request on the grounds that it is vague and ambiguous as to the phase "terminated." Notwithstanding and without waiving the foregoing objection, Accurate admits only that DRN purports to have "terminated" the License Agreement

7

on or before September 19, 2014 and that, thereafter, Accurate uninstalled the then-current version of the Car Detector Software that it had been using and re-installed an older version of the Car Detector software that it also purchased previously from DRN and/or Vigilant, and otherwise denies this request for admission.

9.     Admit that Accurate did not return any copies of the DRN Car Detector software to DRN on or after September 19, 2014.

**RESPONSE**:   Accurate admits that it has not returned to DRN or Vigilant on or after September 19, 2014 any of the copies of the Car Detector software that it had previously purchased from DRN and/or Vigilant.

10.     Admit that Accurate did not return any copies of the DRN Car Detector software to DRN after the License Agreement was terminated.

**RESPONSE**:   Accurate objects to this Request on the grounds that it is vague and ambiguous as to the phase "terminated."  Notwithstanding and without waiving the foregoing objection, Accurate admits that it has not returned to DRN or Vigilant on or after September 19, 2014 any of the copies of the Car Detector software that it had previously purchased from DRN and/or Vigilant.

11.     Admit that Accurate did not destroy or erase any copies of the DRN Car Detector software after September 19, 2014.

**RESPONSE**:   Accurate objects to this Request on the grounds that it is vague and ambiguous as to the phase "destroy or erase."  Notwithstanding and without waiving the foregoing objections, Accurate denies.  Accurate has, in the process of maintaining and replacing equipment destroyed and/or erased copies of the Car Detector software.

12.     Admit that Accurate did not destroy or erase any copies of the DRN Car Detector software after the License Agreement was terminated.

**RESPONSE**:   Accurate objects to this Request on the same basis that it objected to Request Nos. 6 and 11 above.  Accurate incorporates by reference each of its objections in Request Nos. 6

8

and 11. Notwithstanding and without waiving the foregoing objections, Accurate denies. Accurate has, in the process of maintaining and replacing equipment, destroyed and/or erased copies of the Car Detector software.

13.     Admit that the schema for the CarLibrary database was used to create the Sync Tool.

**RESPONSE**:   Accurate objects to this Request on the grounds that it is vague and ambiguous as to the word "schema" and the phrase "used to create." Accurate further objects on the basis that this Request is without reference to time or occasion. Notwithstanding and without waiving the foregoing objections, Accurate admits that in creating the initial version of the Sync Tool the schema for the CarLibrary was used.

14.     Admit that the schema identified in DRN's production as CONFIDENTIAL AEO DRN096360-DRN096363 was used to create the Sync Tool.

**RESPONSE**:   Accurate objects to this Request on the grounds that it is vague and ambiguous as to the word "schema" and the phase "used to create." Accurate further objects on the basis that this Request is without reference to time or occasion. Moreover, Accurate objects in as much as DRN is seeking to have Accurate comment on a document that it has labeled as "Attorney's Eyes Only" and thereby restricted Accurate's ability to review the document. Notwithstanding and without waiving the foregoing objections, Accurate is without knowledge sufficient to confirm or deny this request and accordingly denies the same.

15.     Admit that beginning in 2012, Accurate used the Sync Tool to deliver LPR Data to the Accurate Server.

**RESPONSE**:   Accurate admits that it used the Sync Tool beginning sometime in 2012 to store LPR Data, however, from its initial development to the present time, the Sync Tool did not always work properly or at all for periods of time.

16.     Admit that from March 27, 2014 through September 19, 2014 all, LPR Data collected by Accurate with its LPR Kits was delivered to the Accurate Server by using the Sync

9

Tool.

**RESPONSE**: Accurate admits that it used the Sync Tool from March 27, 2014 through September 19, 2014 to store LPR Data, but during that time period the Sync Tool did not always work properly or at all for periods of time.

17.     Admit that some LPR Data collected by Accurate with its LPR Kits between March 27, 2014 and September 18, 2014 was not provided to DRN.

**RESPONSE**: Accurate is without knowledge sufficient to confirm or deny this request and accordingly denies the same, because Accurate does not know what data DRN received or did not receive. Accurate states that it intended at all times that the LPR Data collected by Accurate with its LPR Kits during the defined time period be provided to DRN's server.

18.     Admit that LPR Data collected by Accurate and delivered to the Accurate Server was not provided to DRN.

**RESPONSE**: Accurate is without knowledge sufficient to confirm or deny this request and accordingly denies the same, because Accurate does not know what data DRN received or did not receive. Accurate states that it intended, at all times while Accurate remained a DRN affiliate, that the LPR Data collected by Accurate with its LPR Kits be provided to DRN's server. Accurate acknowledges that, at times prior to March 27, 2014, the transmission of the LPR Data to DRN was delayed, but to the best of Accurate's knowledge and belief, all or substantially all of the LPR Data that was delayed was provided to DRN.

10

Respectfully submitted,

Gina Viccinelli
State Bar No. 24013685
John Hardage
State Bar No. 24075471
**HERMES LAW**
Oilwell Supply Building
2001 North Lamar Street, Suite 450
Dallas, Texas 75202
214-749-6800 (phone)
214-749-6801 (fax)
Gina@hermes-law.com
John@hermes-law.com
*Local Counsel for Defendants*

Peter M. Spingola
ARDC No. 6243942
Sara Siegall
ARDC No. 6297622
Douglas F. McMeyer
ARDC No. 6293348
**CHAPMAN SPINGOLA, LLP**
190 South LaSalle Street, Suite 3850
Chicago, Illinois 60603
(312) 630-9202 (Telephone)
(312) 630-9233 (Facsimile)
pspingola@chapmanspingola.com
ssiegall@chapmanspingola.com
dmcmeyer@chapmanspingola.com
*Lead Counsel for Defendants*

11

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 7th day of March, 2016, a true and correct copy of the

foregoing document was forwarded to the following counsel of record via e-mail and certified

mail, return receipt requested:

Cole B. Ramey
W. Alan Wright
**KILPATRICK TOWNSEND &**
**STOCKTON, LLP**
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
cramey@kilpatricktownsend.com
alan.wright@kilpatricktownsend.com

Douglas R. Hudman
Matthew R. Hudman
**HOLLAND, JOHNS & PENNY, LLP**
306 W. 7th Street, Suite 500
Ft. Worth, Texas 76102
drh@hjpllp.com



12

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

|  |  |  |
|---|---|---|
| DIGITAL RECOGNITION NETWORK, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 4:14-CV-00903-A |
| ACCURATE ADJUSTMENTS, INC.; COASTLINE RECOVERY SERVICES, INC.; AFTER HOURS AUTO RECOVERY; and SOLID SOLUTIONS 24/7, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT ACCURATE ADJUSTMENTS, INC.'S
RESPONSES AND OBJECTIONS
*TO PLAINTIFF'S FIRST SET OF INTERROGATORIES***

Defendant Accurate Adjustments, Inc. ("Accurate"), for its Responses and Objections to plaintiff Digital Recognition Network, Inc.'s ("DRN"), First Set of Interrogatories (collectively the "Interrogatories" and each request therein an "Interrogatory"), states as follows:

**RESERVATION OF RIGHTS**

1.      Accurate's responses as set forth herein are based on information presently known and Accurate therefore reserves the right to rely in the future on any facts, documents, or other information that may develop or subsequently come to its attention. With respect to those Interrogatories as to which Accurate undertakes to produce responsive documents or information, Accurate will produce those documents and such information, if any, in Accurate's possession that are reasonably retrievable after diligent search.

2.      Accurate also submits these responses and objections subject to, without waiving and expressly preserving (i) any objections as to competence, relevance, materiality, and admissibility into evidence (in this or any other proceeding) of any document or information

**EXHIBIT 2**                    **App. 000013**

provided in response to the Interrogatories; (ii) the right to objection to further discovery involving

or relating to the subject matter of the Interrogatories or these responses and objections, including

documents or other information produced in response to the Interrogatories; and (iii) the right at

any time to revise, correct, supplement, or clarify any of the responses and objections herein.

3.      Any objection or lack of objection to any portion of any Interrogatory is not an

admission.   Accurate does not admit, adopt, or acquiesce in any factual or legal contention,

assertion, or characterization that is contained in the Interrogatories.

4.      Insofar as the intentional response by Accurate pursuant to any Interrogatory may

be deemed to be a waiver of any privilege or right, such waiver shall be deemed to be a limited

waiver with respect to that particular disclosure only.  Any inadvertent production of any document

shall not be deemed or construed to constitute a waiver of any privilege or right of Accurate, and

Accurate reserves the right to demand that DRN return any such document and all copies thereof.

5.      Any objection, failure to object, or other response to any Interrogatory does not

indicate that any documents or information responsive to that Interrogatory in fact exist.

6.      Accurate reserves the right to make future motions and objections relating to the

Interrogatories at any subsequent stage of this action, including, but not limited to, relating to the

use of any information on any ground in any proceeding in any action and the right to object on

any ground at any time to any demand for a further response to these or to any other Interrogatories.

7.      Accurate objects generally to the Interrogatories to the extent they seek information

or documents, including drafts, that were collected or prepared in anticipation of litigation; that

constitute attorney work product, such as material obtained as a result of investigation of counsel;

that contain interest privilege; or that are otherwise privileged or protected from disclosure.

8.      All of Accurate's Responses and Document Production are subject to the terms of

2

the Confidentiality Agreement to which the Parties have stipulated.

## GENERAL OBJECTIONS

These General Objections are incorporated into each specific response below as if fully repeated therein:

1.      Accurate objects generally to the Interrogatories to the extent they are duplicative of discovery that has already been answered in this matter.

2.      Accurate objects generally to the Interrogatories to the extent they (i) seek to bring within their scope materials and information not relevant or material to the issues raised by this action, including any claims or defenses in this action; (ii) are not within the scope of the applicable rules of civil procedure; and (iii) seek to impose on Accurate the obligation to produce documents that would be duplicative, cumulative, or at the most only theoretically responsive to the Interrogatories.

3.      Accurate objects generally to the Interrogatories to the extent that each such Interrogatory is unduly burdensome, overly broad, seeks documents or information that are not relevant, seeks documents or information that are not material, and is not reasonably calculated to lead to the discovery of admissible evidence.

4.      With respect to those Interrogatories as to which Accurate undertakes to produce responsive documents, Accurate will produce those documents, if any, in Accurate's possession that are reasonably retrievable after diligent search.

5.      Accurate objects to the Interrogatories to the extent they are overly broad, vague, and ambiguous or that responding thereto would be unduly burdensome, oppressive, or disproportionately expensive.

6.      Accurate objects to the Interrogatories to the extent they seek information or documents, including drafts, that were collected or prepared in anticipation of litigation; that

3

constitute attorney work product, such as material obtained as a result of investigation of counsel; that contain privileged attorney-client communications; that are subject to a joint defense or common interest privilege; or that are otherwise privileged or protected from disclosure.

7. Accurate objects to the Interrogatories to the extent they seek information or documents not in its possession, custody, or control.

8. Accurate objects to the Interrogatories to the extent they seek information or documents that are already in DRN's possession, custody, or control or that are publicly available.

9. Accurate objects to the Interrogatories to the extent they seek documents or information that is not maintained in the ordinary course of business.

10. Accurate objects to the Interrogatories to the extent they seek electronically stored documents or information that are inaccessible, including data that is stored solely on backup tapes and erased, fragmented, or damaged data.

11. Accurate objects to this discovery to the extent that any of this discovery inquiries about "all," "each," or "every." Such discovery is objected to as being overly broad and unduly burdensome, as it would be unreasonable to expect, even after a reasonably diligent search, that "all," "each," and "ever" document, information, or thing falling within a description can be or has been located. Accurate does not warrant or represent that it has produced or will produce "all," "each," or "every" document or thing of a type requested; only that it has produced that which it could locate after a reasonably diligent search. Subject to these objections, Accurate will respond with information within its possession, custody, or control, based on information that Accurate and its counsel were able to locate using reasonable diligence and judgment concerning the whereabouts of responsive information and files reasonably expected to yield responsive information. As used herein, the phrase "information within its possession, custody, or control,"

4

or phrases of similar import, should not be construed as a representation that each and every document in the possession of Accurate has been examined in connection with these responses, or that Accurate in fact has in its possession, custody or control any responsive information. Accurate's investigation is ongoing, and it expressly reserves the right to supplement is responses.

## OBJECTIONS TO DEFINITIONS

[1]     The following Discovery Requests are to be answered by furnishing all information in Your possession, custody or control that is not only known of Your own personal knowledge but also includes all information known by any third person from whom You have a right to compel such information such as Your family, agents, employees, or representatives. If You cannot fully answer a question after exercising due diligence to secure the information, answer or respond with whatever information or knowledge You have available and specify the reason for Your inability to answer the unanswerable portion of the Request.

**OBJECTION**: Accurate objects to this definition to the extent it calls upon Accurate: (a) to locate or interview former employees or any other person not presently employed by Accurate; (b) to obtain documents possessed by individuals or entities outside of Accurate control; or (c) to identify any custodian of records no longer known to Accurate. Accurate further objects to the definition to the extent that it calls for corporate knowledge of any and all individuals employed by Accurate, a corporate entity. Such discovery is objected to as being overly broad and unduly burdensome, as it would be unreasonable to expect, even after a reasonably diligent search, that any and all corporate knowledge of all individuals could be obtained. Subject to these objections, Accurate will respond with information within its possession, custody, or control, based on information that Accurate and its counsel were able to locate using reasonable diligence and judgment and examination of Accurate's personnel that could reasonably be expected to yield responsive information. As used herein, the phrase "information within its possession, custody, or control," or phrases of similar import, should not be construed as a representation that each and every employee of Accurate has been questioned in connection with these responses, or that Accurate in fact has in its possession, custody or control any responsive information. Accurate's

5

investigation is ongoing, and it expressly reserves the right to supplement its responses.

[6]     The term "Related Party" refers to any officers, directors, employees, shareholders, members, partners, agents or other representatives of Defendant.

**OBJECTION**: Accurate objects to this definition on the same basis as it objected to Definition No. 1, and hereby incorporates by reference, as though fully restated herein its objections to Definition No. 1.

[14]    The term "DRN Software" means all software provided by DRN under the License Agreement, including but not limited to DRN Car Detector, DRN WebRepo, and/or DRN Portal as those terms are used in the License Agreement.

**OBJECTION**: Accurate objects to this definition to the extent it implies that software was provided to Accurate pursuant to the "License Agreement" as that term has been defined in DRN's Request for Production.

[17]    The term "DRN Data" means any LPR Data collected by a DRN Affiliate using an LPR Kit.

**OBJECTION**: Accurate objects to this definition to the extent it implies ownership of data collected using ALPR Technology.

## OBJECTIONS TO INSTRUCTIONS

[1]     Furnish all information available to You and known by You, or in Your possession, or that of Your agents and attorneys or appearing in Your records.

**OBJECTION**: Accurate objects to this instruction on the same basis as presented in General Objection No. 10 above. Accurate hereby incorporates by reference as though fully restated herein its General Objection No. 10.

[5]     When this Request requires that You identify a communication, if any part of the communication was written, identify the document or documents that refer to or evidence the communication and, to the extent that the communication was not transcribed or written, identify the date and time when the unwritten communication occurred, the place where the communication took place, a narrative statement of the subject matter of the communication, and the identity of each person who is a party to the unwritten communication.

**OBJECTION**: Accurate objects to this instruction to the extent it requires Accurate to

6

create documents and exhibits. Such an instruction is improper in the context of a Request to Produce documents.

[7]    For any materials that You assert are privileged, protected, or otherwise exempt from discovery, provide the following for each withheld document:

(a) the specific grounds for the claim of privilege, protection, or other exemption;

(b) the type of material being withheld, and if the material is electronically stored information, the file format of the material;

(c) the subject matter of the material;

(d) the date of the material;

(e) the name, job title, and address of the author of the material;

(f) the name, job title, and address of each addressee of the material;

(g) the name, job title, and address of each person who received, was copied on, or otherwise saw all, part, or a summary of the material; and

(h) the name, job title, and address of the custodian of the material and the material's current location.

**OBJECTION**:  Accurate objects to this instruction to the extent it conflicts with the requirements of or seeks more than is required by Fed. R. Civ. P. 26(b)(5)(A).

### INTERROGATORIES

1.    Identify the amount of monetary damages Accurate seeks for each counterclaim (violation of Section 2 of the Sherman Act, breach of contract, and violations of the Texas Deceptive Trade Practices and the Consumer Protection Act (the "DTPA")).

**RESPONSE**: Accurate objects to this Interrogatory on the grounds that it is overly broad in scope and unduly burdensome.  Moreover, the subject matter; and/or information sought includes privileged attorney-client communications; attorney work product; materials that are subject to a joint defense or common interest privilege; and/or that are otherwise privileged or protected from disclosure.  In addition, Accurate objects to this Interrogatory because it is the subject of expert testimony and opinion and is more properly addressed within the context of that expert opinion.

Notwithstanding and without waiving these objections, Accurate responds that, at a

7

minimum, the damages incurred by Accurate include those identified in the Report of Dr. Jessie David, all unpaid revenue-share from June 2014 to present, all other sums unpaid by DRN based on DRN's failure to put in place and enforce an accurate means of calculating revenue-share payments due to each of its affiliates, and Accurate's attorney's fees and costs incurred in defending itself against DRN's overbroad and unenforceable anti-competition provisions.

2.      Identify the bates number of all documents that indicate or support the amount or calculation of damages for Accurate's counterclaim for violation of Section 2 of the Sherman Act, breach of contract, and violations of the DTPA and specify the counterclaim that corresponds to the document.

**RESPONSE**: Accurate objects to this Interrogatory on the grounds that it is overly broad in scope and unduly burdensome. In addition, Accurate objects to this Interrogatory because it is the subject of expert testimony and opinion and is more properly addressed within the context of that expert opinion. Moreover, Accurate objects because the answer to this Interrogatory necessarily involves protected attorney work product and the metal impressions of Accurate's counsel.

Notwithstanding and without waiving these objections, Accurate responds that the documents sought are identified within the expert reports and have otherwise already been produced to DRN and are, therefore, equally accessible to DRN as they are to Accurate.

3.      To the extent Accurate has failed to admit any of the Requests for Admission in Plaintiff's First Set of Request for Admission, state the factual basis for the failure to admit.

**RESPONSE**: Accurate objects to this Interrogatory on the grounds that it is overly broad in scope and unduly burdensome. Moreover, the subject matter; and/or information sought includes privileged attorney-client communications; attorney work product; materials that are subject to a joint defense or common interest privilege; and/or that are otherwise privileged or protected from disclosure. Accurate further objects as this Interrogatory is improperly compound in that it contains multiple sub-sections that are themselves independent questions.

8

Notwithstanding and without waiving these objections, Accurate responds that it has included within its responses to the Request for Admission the reasons given for any denial of a Request to Admit and Accurate incorporates those responses by reference as though fully re-stated herein.

4.      Identify any alleged misrepresentations made by DRN to Accurate, including the substance of the representation, the person(s) making it, the manner in which it was communicated, the person(s) present, the person(s) to whom it was made, the date on which it was communicated, all actions taken by You in reliance on the alleged misrepresentation, and when You discovered that the statement was a misrepresentation.

**RESPONSE**: Accurate objects to this Interrogatory on the grounds that it is overly broad in scope and unduly burdensome. Accurate further objects on the basis that the information sought has already been produced to DRN in multiple forms making this Interrogatory duplicative and abusive.

Notwithstanding and without waiving these objections, Accurate responds that DRN has made numerous false and/or misleading representations including those detailed in Accurate's Counterclaim, in the declarations of the principals for each of the Companies, in the deposition testimony of the Companies principals, in the emails produced by both the Companies and DRN, and in other documents, including, but not limited to DRN marketing materials, that have been produced by both the Companies and DRN.

5.      Identify each DRN Data Revenue payment that Accurate alleges DRN failed to pay, paid untimely, or paid in an incorrect amount as alleged in ¶¶73 and 137(b) of Accurate's Counterclaim. For each such payment, provide the corresponding vehicle identification number(s), date(s) of the scan(s), the locate fee(s), and the amount(s) You allege You should have been paid but were not.

**RESPONSE**: Accurate objects to this Interrogatory on the grounds that it is overly broad in scope and unduly burdensome. In addition, Accurate notes that it has produced its entire database to DRN, and DRN has, or should have, a complete record of all payments it has made to Accurate making this information more accessible to DRN than it is to Accurate.

9

Notwithstanding and without waiving these objections, Accurate responds that it cannot answer this Interrogatory, because DRN has admitted it had no method or means of calculating what was actually owed to affiliates, including Accurate. DRN also ignored, lied, and/or obfuscated when asked, on multiple occasions, how payments to affiliates were being calculated.

6.     Identify all vehicle license plates scanned with by [sic] Accurate with an LPR Kit prior to September 19, 2014 that were not provided to DRN.

**RESPONSE**: Accurate objects to this Interrogatory on the grounds that it is overly broad in scope and unduly burdensome. In addition, Accurate notes that it has produced its entire database to DRN, making this information more accessible to DRN than it is to Accurate.

Notwithstanding and without waiving these objections, Accurate responds that, Accurate is without knowledge to provide a response to this Interrogatory, because Accurate does not know what data DRN received or did not receive. Accurate states that it intended at all times that license plates scanned with its LPR Kits prior to September 19, 2014 be provided to DRN's server. Accurate acknowledges that, at times prior to March 27, 2014, that transmission of the license plates scanned with its LPR Kits was delayed, but to the best of Accurate's knowledge and belief, all or substantially all of the scanned license plates that were delayed were provided to DRN.

7.     Identify each person or entity other than Defendants or FourStar who contributed data to or had access to the data on the Accurate Server, including for each such person or entity the dates that each such person or entity contributed to or had access to the data on such server, and the monthly volume of LPR Data that such person or entity contributed.

**RESPONSE**: Accurate objects to this Interrogatory on the grounds that it is overly broad in scope and unduly burdensome. Accurate further objects on the basis that the Interrogatory is vague and ambiguous with the use of the phrase "contributed data to or had access to the data." Accurate also objects because this Interrogatory is compound and has several sub-parts.

Notwithstanding and without waiving these objections, Accurate responds that in addition to the entities named in the Interrogatory, Josh Pederson at American Lenders Service Company

10

(ALSCO) submitted scans and had access to data. In addition, Accurate has several lender or forwarding clients who are able to upload repossession orders and obtain limited data related to their orders.

8.      Identify any DRN Affiliate other than Defendants or FourStar that Accurate knows or suspects has maintained a localized copy of the LPR Data collected with their LPR Kits.

**RESPONSE**: Accurate objects to this Interrogatory on the basis that it calls for Accurate to speculate about third parties who are unrelated to this matter. Accurate also objects that this Interrogatory is vague and ambiguous in the use of the term "localized copy." Accurate further objects as the Interrogatory is irrelevant to any claim, defense, or issue in this matter.

Notwithstanding and without waiving these objections, Accurate is aware that Josh Pederson at American Lenders Service Company (ALSCO) has maintained a copy of LPR Data. In addition, Accurate suspects that Jordan Sawalqah of Alpha Recovery Corp and Justin Zane of Zane Investigations may have at some times been maintaining a copy of LPR Data. Accurate is otherwise unaware of any DRN Affiliates that maintain a local copy of the LPR Data collected with their LPR Kits.

9.      Identify all revenue Accurate received related to LPR Data scanned with an LPR Kit and collected with the Sync Tool, including the amount of revenue received, from whom, the date it was received, and the purpose for which it was received.

**RESPONSE**: Accurate objects to this Interrogatory on the grounds that it is overly broad in scope and unduly burdensome. Accurate further objects on the ground that this Interrogatory is vague and ambiguous with respect to the terms "related" and "purpose." In addition, Accurate objects to this Interrogatory because it is the subject of expert testimony and opinion and is more properly addressed within the context of that expert opinion.

Notwithstanding and without waiving these objections, Accurate responds that the revenue it has received from LPR "locate fees" is set forth and documented in the exhibits referenced in

11

the Expert Report of Dr. Jesse David with respect to Dr. David's calculation of damages. Answering further, the revenue Accurate received related to LPR Data scanned with an LPR Kit can be determined, as near as possible, from DEFS_00113616.

10.     If you allege that DRN failed to protect any alleged trade secret, including but not limited to any LPR Data, Hotlist Data, or Hit Data, identify the factual basis for such allegation.

**RESPONSE**: Accurate objects to this Interrogatory on the grounds that it is overly broad in scope and unduly burdensome. Accurate further objects to this Interrogatory because it is based on the false premise that LPR Data, Hotlist Data, or Hit Data constitutes a trade secret belonging to DRN. In addition, Accurate objects to this Interrogatory because it is the subject of expert testimony and opinion and is more properly addressed within the context of that expert opinion.

Notwithstanding and without waiving these objections, Accurate responds that, to the extent DRN is claiming that LPR Data, Hotlist Data, or Hit Data constitutes DRN trade secrets, DRN has failed take reasonable measures to protect the secrecy of that information in at least the following ways:

- Transmitting data packets containing DRN's purported trade secrets in the open so that anyone could intercept the Information;

- Failing to encrypt its data prior to open transmission;

- Failing to take action to prevent affiliates from sharing DRN passwords and accessing each other's accounts after acquiring actual knowledge that such activities were regularly occurring;

- Not tracking or verifying what entities were logging into which accounts, despite being able to easily track such information;

- Allowing and employing technicians who share and provide administrative passwords with affiliates and presumably others that allow broad access to DRN;

12

- Failing on numerous occasions to enforce the Confidentiality and Anti-competition Provisions set forth in its agreements with affiliates who utilized LPR systems provided by one or more competitors of DRN during or immediately subsequent to their relationship with DRN; and

- Failing to maintain executed confidentiality agreements with more than 100 DRN Affiliates.

11.     Identify any statement or representation made by DRN that Accurate owned any LPR Data scanned with its LPR Kits, including the person(s) making it, the manner in which it was communicated, the person(s) to whom it was made, any other person(s) present, and the date on which it was made.

**RESPONSE**: Accurate objects to this Interrogatory on the grounds that it is overly broad in scope and unduly burdensome.  Accurate further objects on the basis that the information sought has already been produced to DRN in multiple forms making this Interrogatory duplicative and abusive.

Notwithstanding and without waiving these objections, Accurate responds that DRN did not represent that Accurate *owned* the data, however, DRN has made dozens of representations that its affiliates, Accurate included, would always have full access to the data they created and would enjoy wide discretion to use such data in their own repossession businesses to obtain and complete repossession assignments.  DRN guaranteed Accurate that the LPR Data generated by Accurate's own kits would always be available and Accurate would always have immediate and unfettered access to the data that it created using its ALPR Kits.  Indeed, DRN even stated that the access affiliates had to their scans "allow[ed] them to compile local databases from which to bounce new orders against."  These instances are detailed in Accurate's Counterclaim, in the declarations of the principals for each of the Companies, in the deposition testimony of the Companies principals, in the emails produced by both the Companies and DRN, and in other

13

documents, including, but not limited to DRN marketing materials, that have been produced by both the Companies and DRN.

     12.     Identify the amounts Accurate received for each of the following:
(a) ALPR-Assisted Repossessions, (b) Locate Fees per Repossession, and (c) Locate Fee Revenue Received (as those terms are used in Accurate's expert report of Jesse David at p. 29) from January 1, 2009 to December 31, 2015.

     **RESPONSE**: Accurate objects to this Interrogatory on the grounds that it is overly broad in scope and unduly burdensome. In addition, Accurate objects to this Interrogatory because it is the subject of expert testimony and opinion and is more properly addressed within the context of that expert opinion. Moreover, this information is specifically detailed in Dr. David's Report. Accurate further objects as this Interrogatory is duplicative and is entirely included in Interrogatory No. 9.

     Notwithstanding and without waiving these objections, Accurate responds that the revenue it has received for (a) ALPR-Assisted Repossessions, (b) Locate Fees per Repossession, and (c) Locate Fee Revenue Received, including the exhibits that support that calculation are adequately set forth in the Report of Dr. Jesse David, specifically in Table 1 thereof and equally available to DRN. Answering further, the revenue Accurate received related to LPR Data scanned with an LPR Kit can be determined, as near as possible, from DEFS_00113616.

     13.     Identify the repossession fee earned by Accurate for each ALPR-Assisted Repossession included in the source data on page 29 of the Jesse David expert report.

     **RESPONSE**: Accurate objects to this Interrogatory on the grounds that it is overly broad in scope and unduly burdensome. In addition, Accurate objects to this Interrogatory because it is the subject of expert testimony and opinion and is more properly addressed within the context of that expert opinion. Moreover, this information is specifically detailed in Dr. David's Report. Accurate further objects as this Interrogatory is duplicative and is entirely included in Interrogatory No. 9.

Notwithstanding and without waiving these objections, Accurate responds that the revenue Accurate received related to LPR Data scanned with an LPR Kit can be determined, as near as possible, from DEFS_00113616.

14.     Identify Accurate's actual locate fee for each repossession from January 1, 2009 to October 31, 2015.

**RESPONSE**: Accurate objects to this Interrogatory on the grounds that it is overly broad in scope and unduly burdensome. In addition, Accurate objects to this Interrogatory because it is the subject of expert testimony and opinion and is more properly addressed within the context of that expert opinion. Moreover, this information is specifically detailed in Dr. David's Report. Accurate further objects as this Interrogatory is duplicative and is entirely included in Interrogatory No. 9.

Notwithstanding and without waiving these objections, Accurate responds that the revenue it has received for locate fees earned by Accurate for repossession, including the exhibits that support that calculation are adequately set forth in the Report of Dr. Jesse David, specifically in Row D of Table 1.

15.     Identify the costs incurred by Accurate to develop and maintain the Sync Tool, including the dates the costs were incurred and paid, to whom they were paid, the amount(s), and the purpose(s) for which they were incurred.

**RESPONSE**: Accurate objects to this Interrogatory on the grounds that it is vague and ambiguous with the use of the phrase "develop and maintain the Sync Tool."

Notwithstanding and without waiving these objections, Accurate responds that the Companies paid Tim Junker as follows:

- $6,000 to build the Sync Tool
- $6,000 to place the Sync Tool in each of the cars
- Approximately $6,400 for maintenance (around $400 Monthly Maintenance from

App. 000027

October of 2013 until approximately February 2015.)

- Total to Tim – Approximately $18,400

The Companies paid Jason Baumgarte as follows:

- Approximately $25,800 (around $600 Monthly Maintenance from approximately

  July 2013 to present)

- Total to Jason – Approximately $25,800.

16.     Identify any purchase or attempt to purchase, or use of or attempted use of, ALPR Technology by Accurate from any party other than DRN, including the party or parties involved, the date(s), and the term(s) of such actual or attempted purchase or use.

**RESPONSE:** Accurate objects to this Interrogatory on the grounds that it is overly broad

in scope and unduly burdensome.  Accurate further objects on the basis that the Interrogatory is

vague and ambiguous with the use of the phrase "ALPR Technology [ . . . ] from any party other

than DRN."

Notwithstanding and without waiving these objections, Accurate responds that Accurate

purchased the same cameras and kits utilized by DRN from DRN's supplier, Vigilant.  Accurate

also examined and considered other sources of ALPR Technology suited for repossession

companies such as, for example, MVTrac, 3M and PRA.

17.     Identify the factual basis for any allegation by You that You had a right to use any software acquired from DRN, including but not limited to DRN Car Detector, after termination of Your contractual relationship with DRN.

**RESPONSE:** Accurate objects to this Interrogatory on the grounds that it is overly broad

in scope and unduly burdensome.  Moreover, the subject matter; and/or information sought

includes privileged attorney-client communications; attorney work product; materials that are

subject to a joint defense or common interest privilege; and/or that are otherwise privileged or

protected from disclosure

Notwithstanding and without waiving these objections, Accurate responds that DRN

16

expressly told Accurate, and the Sales Agreements between the parties also reflects, that Accurate purchased the Car Detector software from DRN and that Accurate would therefore be allowed to continue using that software if the relationship between DRN and Accurate were ever to terminate.

18.     Identify the number of plates scanned by You with your LPR Kits after September 19, 2014 and all revenue received by You related to such scans.

**RESPONSE**: Accurate objects to this Interrogatory on the grounds that it is overly broad in scope and unduly burdensome. In addition, Accurate objects to this Interrogatory because it is the subject of expert testimony and opinion and is more properly addressed within the context of that expert opinion. Moreover, this information is specifically detailed in Dr. David's Report. Accurate further objects as this Interrogatory is duplicative and is entirely included in Interrogatory No. 9.

Notwithstanding and without waiving these objections, Accurate responds that the revenue it has received for LPR locate fees, including the exhibits that support that calculation are adequately set forth in the Report of Dr. Jesse David, specifically in Table 1 thereof and equally available to DRN. Answering further, Accurate notes that between September 19, 2014 and February 21, 2016, Accurate's scan count is approximately 10,326,825.

17

Respectfully submitted,

Gina Viccinelli
State Bar No. 24013685
John Hardage
State Bar No. 24075471
**HERMES LAW**
Oilwell Supply Building
2001 North Lamar Street, Suite 450
Dallas, Texas 75202
214-749-6800 (phone)
214-749-6801 (fax)
Gina@hermes-law.com
John@hermes-law.com
*Local Counsel for Defendants*

Peter M. Spingola
ARDC No. 6243942
Sara Siegall
ARDC No. 6297622
Douglas F. McMeyer
ARDC No. 6293348
**CHAPMAN SPINGOLA, LLP**
190 South LaSalle Street, Suite 3850
Chicago, Illinois 60603
(312) 630-9202 (Telephone)
(312) 630-9233 (Facsimile)
pspingola@chapmanspingola.com
ssiegall@chapmanspingola.com
dmcmeyer@chapmanspingola.com
*Lead Counsel for Defendants*

18

## VERIFICATION

I, Shane Freitas, the founder, sole owner, and President of Accurate Adjustments, Inc. ("Accurate") am authorized to provide this verification on Accurate's behalf. I have read Accurate's Objections and Responses to Plaintiff's First Set of Interrogatories. The facts contained therein are true and correct and based either upon my personal knowledge or based upon reasonable inquiry with persons with personal knowledge and/or company records.

I declare under penalty of perjury that the foregoing is true and correct.

March 7, 2016

_____

Shane Freitas, President Accurate Adjustments, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 7th day of March, 2016, a true and correct copy of

the foregoing document was forwarded to the following counsel of record via e-mail and certified

mail, return receipt requested:

| | |
|---|---|
| Cole B. Ramey | Douglas R. Hudman |
| W. Alan Wright | Matthew R. Hudman |
| **KILPATRICK TOWNSEND &** | HOLLAND, JOHNS & PENNY, LLP |
| **STOCKTON, LLP** | 306 W. 7th Street, Suite 500 |
| 2001 Ross Avenue, Suite 4400 | Ft. Worth, Texas 76102 |
| Dallas, Texas 75201 | drh@hjpllp.com |
| cramey@kilpatricktownsend.com | |
| alan.wright@kilpatricktownsend.com | |



19

**App. 000032**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DIGITAL RECOGNITION NETWORK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 4:14-CV-00903-A |
| | ) | |
| ACCURATE ADJUSTMENTS, INC.; COASTLINE RECOVERY SERVICES, INC.; AFTER HOURS AUTO RECOVERY; and SOLID SOLUTIONS 24/7, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT ACCURATE ADJUSTMENTS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

Defendant Accurate Adjustments, Inc. ("Accurate"), for its Responses and Objections to plaintiff Digital Recognition Network, Inc.'s ("DRN"), Second Request for Production[1] (collectively, the "Requests" and each request therein a "Request"), states as follows:

### RESERVATION OF RIGHTS

1.     Accurate's responses as set forth herein are based on information presently known and Accurate therefore reserves the right to rely in the future on any facts, documents, or other information that may develop or subsequently come to its attention. With respect to those Requests as to which Accurate undertakes to produce responsive documents, Accurate will produce those documents, if any, in Accurate's possession, custody or control that are reasonably retrievable after diligent search.

---

[1] The discovery Accurate is answering was served on February 5, 2016 and though it was titled "Plaintiff's Second Request for Product to Defendant Accurate Adjustments, Inc." this title is a misnomer. In reality this is Plaintiff's *THIRD* Request for Production. Plaintiff's issued its Second Request for Production June 22, 2015 and the true "Second Set" was answered by Accurate on July 20, 2015.

**EXHIBIT 3**                    **APP. 000033**

2.      Accurate also submits these responses and objections subject to, without waiving, and expressly preserving (i) any objections as to competence, relevance, materiality, and admissibility into evidence (in this or any other proceeding) of any document or information provided in response to the Requests; (ii) the right to object to further discovery involving or relating to the subject matter of the Requests or these responses and objections, including documents or other information produced in response to the Requests; and (iii) the right at any time to revise, correct, supplement, or clarify any of the responses and objections herein.

3.      Any objection or lack of objection to any portion of any Request is not an admission. Accurate does not admit, adopt, or acquiesce in any factual or legal contention, assertion, or characterization that is contained in the Requests.

4.      Insofar as the intentional response by Accurate pursuant to any Request may be deemed to be a waiver of any privilege or right, such waiver shall be deemed to be a limited waiver with respect to that particular disclosure only. Any inadvertent production of any document shall not be deemed or construed to constitute a waiver of any privilege or right of Accurate, and Accurate reserves the right to demand that DRN return any such document and all copies thereof.

5.      Any objection, failure to object, or other response to any Request does not indicate that any documents or information responsive to that Request in fact exist.

6.      Accurate reserves the right to make future motions and objections relating to the Requests at any subsequent stage of this action, including, but not limited to, relating to the use of any information on any ground in any proceeding in any action and the right to object on any ground at any time to any demand for a further response to these or to any other Requests.

7.      Accurate objects generally to the Requests to the extent they seek information or documents, including drafts, that were collected or prepared in anticipation of litigation; that

2

EXHIBIT 3                                    APP. 000034

constitute attorney work product, such as material obtained as a result of investigation of counsel; that contain privileged attorney-client communications; that are subject to a joint defense or common interest privilege; or that are otherwise privileged or protected from disclosure.

8.      All of Accurate's Responses and Document Production are subject to the terms of the Confidentiality Agreement to which the Parties have stipulated.

## GENERAL OBJECTIONS

These General Objections are incorporated into each specific response below as if fully repeated therein:

1.      Accurate objects generally to the Requests to the extent they are duplicative of discovery that has already been answered in this matter.

2.      Accurate objects generally to the Requests to the extent they (i) seek to bring within their scope materials and information not relevant or material to the issues raised by this action, including any claims or defenses in this action; (ii) are not within the scope of the applicable rules of civil procedure; and (iii) seek to impose on Accurate the obligation to produce documents that would be duplicative, cumulative, or at the most only theoretically responsive to the Requests.

3.      Accurate objects generally to the Requests to the extent that each such Document Request is unduly burdensome, overly broad, seeks documents or information that are not relevant, seeks documents or information that are not material, and is not reasonably calculated to lead to the discovery of admissible evidence.

4.      With respect to those Requests as to which Accurate undertakes to produce responsive documents, Accurate will produce those documents, if any, in Accurate's possession that are reasonably retrievable after diligent search.

5.      Accurate objects to the Requests to the extent they are overly broad, vague, and

3

**EXHIBIT 3**                    **APP. 000035**

ambiguous or that responding thereto would be unduly burdensome, oppressive, or disproportionately expensive.

6.     Accurate objects to the Requests to the extent they seek information or documents, including drafts, that were collected or prepared in anticipation of litigation; that constitute attorney work product, such as material obtained as a result of investigation of counsel; that contain privileged attorney-client communications; that are subject to a joint defense or common interest privilege; or that are otherwise privileged or protected from disclosure.

7.     Accurate objects to the Requests to the extent they seek information or documents not in its possession, custody, or control.

8.     Accurate objects to the Requests to the extent they seek information or documents that are already in DRN's possession, custody, or control or that are publicly available.

9.     Accurate objects to the Requests to the extent they seek documents or information that is not maintained in the ordinary course of business.

10.    Accurate objects to the Requests to the extent they seek electronically stored documents or information that are inaccessible, including data that is stored solely on backup tapes and erased, fragmented, or damaged data.

11.    Accurate objects to this discovery to the extent that any of this discovery inquires about "all," "each," or "every." Such discovery is objected to as being overly broad and unduly burdensome, as it would be unreasonable to expect, even after a reasonably diligent search, that "all," "each," or "every" document, information, or thing falling within a description can be or has been located. Accurate does not warrant or represent that it has produced or will produce "all," "each," or "every" document or thing of a type requested; only that it has produced that which it could locate after a reasonably diligent search. Subject to these objections, Accurate will respond

4

**EXHIBIT 3**                                    **APP. 000036**

with information within its possession, custody, or control, based on information that Accurate

and its counsel were able to locate using reasonable diligence and judgment concerning the

whereabouts of responsive information and files reasonably expected to yield responsive

information. As used herein, the phrase "information within its possession, custody, or control,"

or phrases of similar import, should not be construed as a representation that each and every

document in the possession of Accurate has been examined in connection with these responses, or

that Accurate in fact has in its possession, custody or control any responsive information.

Accurate's investigation is ongoing, and it expressly reserves the right to supplement its responses.

### OBJECTIONS TO DEFINITIONS

[1]     The following Discovery Requests are to be answered by furnishing all information
in Your possession, custody or control that is not only known of Your own personal knowledge
but also includes all information known by any third person from whom You have a right to compel
such information such as Your family, agents, employees, or representatives. If You cannot fully
answer a question after exercising due diligence to secure the information, answer or respond with
whatever information or knowledge You have available and specify the reason for Your inability
to answer the unanswerable portion of the Request.

**OBJECTION**: Accurate objects to this definition to the extent it calls upon Accurate: (a)

to locate or interview former employees or any other person not presently employed by Accurate;

(b) to obtain documents possessed by individuals or entities outside of Accurate's control; or (c)

to identify any custodian of records no longer known to Accurate. Accurate further objects to the

definition to the extent that it calls for corporate knowledge of any and all individuals employed

by Accurate, a corporate entity. Such discovery is objected to as being overly broad and unduly

burdensome, as it would be unreasonable to expect, even after a reasonably diligent search, that

any and all corporate knowledge of all individuals could be obtained. Subject to these objections,

Accurate will respond with information within its possession, custody, or control, based on

information that Accurate and its counsel were able to locate using reasonable diligence and

judgment and examination of Accurate's personnel that could reasonably be expected to yield

5

**EXHIBIT 3**                                              **APP. 000037**

responsive information.  As used herein, the phrase "information within its possession, custody, or control," or phrases of similar import, should not be construed as a representation that each and every employee of Accurate has been questioned in connection with these responses, or that Accurate in fact has in its possession, custody or control any responsive information.  Accurate's investigation is ongoing, and it expressly reserves the right to supplement its responses.

[6]     The term "Related Party" refers to any officers, directors, employees, shareholders, members, partners, agents or other representatives of Defendant.

**OBJECTION**:  Accurate objects to this definition on the same basis as it objected to Definition No. 1, and hereby incorporates by reference, as though fully restated herein its objections to Definition No. 1.

[14]     The term "DRN Software" means all software provided by DRN under the License Agreement, including but not limited to DRN Car Detector, DRN WebRepo, and/or DRN Portal as those terms are used in the License Agreement.

**OBJECTION**:  Accurate objects to this definition to the extent it implies that software was provided to Accurate pursuant to the "License Agreement" as that term has been defined in DRN's Request for Production.

[17]     The term "DRN Data" means any LPR Data collected by a DRN Affiliate using an LPR Kit.

**OBJECTION**:  Accurate objects to this definition to the extent it implies ownership of data collected using ALPR Technology.

## OBJECTIONS TO INSTRUCTIONS

[1]     Furnish all information available to You and known by You, or m Your possession, or that of Your agents and attorneys or appearing in Your records.

**OBJECTION**:  Accurate objects to this instruction on the same basis as presented in General Objection No. 10 above.  Accurate hereby incorporates by reference as though fully restated herein its General Objection No. 10.

6

**EXHIBIT 3**                          **APP. 000038**

[5]     When this Request requires that You identify a communication, if any part of the communication was written, identify the document or documents that refer to or evidence the communication and, to the extent that the communication was not transcribed or written, identify the date and time when the unwritten communication occurred, the place where the communication took place, a narrative statement of the subject matter of the communication, and the identity of each person who is a party to the unwritten communication.

**OBJECTION:** Accurate objects to this instruction to the extent it requires Accurate to

create documents and exhibits.  Such an instruction is improper in the context of a Request to

Produce documents.

[6]     For any materials that You assert are privileged, protected, or otherwise exempt from discovery, provide the following for each withheld document:

      (a) the specific grounds for the claim of privilege, protection, or other exemption;

      (b) the type of material being withheld, and if the material is electronically stored information, the file format of the material;

      (c) the subject matter of the material;

      (d) the date of the material;

      (e) the name, job title, and address of the author of the material;

      (f) the name, job title, and address of each addressee of the material;

      (g) the name, job title, and address of each person who received, was copied on, or otherwise saw all, part, or a summary of the material; and

      (h) the name, job title, and address of the custodian of the material and the material's current location.

**OBJECTION:**  Accurate objects to this instruction to the extent it conflicts with the

requirements of or seeks more than is required by Fed. R. Civ. P. 26(b)(5)(A).

[9]     For electronically stored information, identify every source containing potentially responsive information that You are not searching or producing.

**OBJECTION:**  Accurate objects to this instruction to the extent it calls for the creation

of a document or answer to an interrogatory.  Notwithstanding and without waiving this objection,

Accurate will respond with information within its possession, custody, or control, based on

information that Accurate and its counsel were able to locate using reasonable diligence and

7

**EXHIBIT 3**                                                    **APP. 000039**

judgment concerning the whereabouts of responsive information and files reasonably expected to yield responsive information.

## REQUESTS FOR PRODUCTION

60.     All documents sufficient to show Accurate's ALPR-Assisted Repossessions from January 1, 2009 to October 31, 2015 as referred to on page 29 of the Jesse David expert report.

**RESPONSE:** Accurate objects to Request on the grounds that it is overly broad in scope, and subject matter; and/or seeks documents that contain privileged attorney-client communications; that are subject to a joint defense or common interest privilege; or that are otherwise privileged or protected from disclosure. Accurate further objects on the basis that the information and documents sought by this Request is duplicative of previously served and responded to discovery.

Notwithstanding and without waiving these objections, Accurate responds that it will produce non-privileged and non-duplicative documents, if any, that are responsive to this Request.

61.     All documents sufficient to show Accurate's Locate Fee per Repossession from January 1, 2009 to October 31, 2015 as referred to on page 29 of the Jesse David expert report.

**RESPONSE:** Accurate objects to Request on the grounds that it is overly broad in scope, and subject matter; and/or seeks documents that contain privileged attorney-client communications; that are subject to a joint defense or common interest privilege; or that are otherwise privileged or protected from disclosure. Accurate further objects on the basis that the information and documents sought by this Request is duplicative of previously served and responded to discovery.

Notwithstanding and without waiving these objections, Accurate responds that it will produce non-privileged and non-duplicative documents, if any, that are responsive to this Request.

62.     All documents sufficient to show Accurate's Revenue-Share Payments from DRN from January 1, 2009 to October 31, 2015 as referred to on page 29 of the Jesse David expert report.

8

**EXHIBIT 3**                    **APP. 000040**

**RESPONSE**: Accurate objects to this Request on the grounds that it is overly broad in scope, and subject matter; and/or seeks documents that contain privileged attorney-client communications; that are subject to a joint defense or common interest privilege; or that are otherwise privileged or protected from disclosure. Accurate further objects on the basis that the information and documents sought by this Request is duplicative of previously served and responded to discovery.

Notwithstanding and without waiving these objections, Accurate responds that it will produce non-privileged and non-duplicative documents, if any, that are responsive to this Request.

63.     All documents sufficient to show Accurate's Locate Fee Revenue Received from January 1, 2009 to October 31, 2015 as referred to on page 29 of the Jesse David expert report.

**RESPONSE**: Accurate objects to this Request on the grounds that it is overly broad in scope, and subject matter; and/or seeks documents that contain privileged attorney-client communications; that are subject to a joint defense or common interest privilege; or that are otherwise privileged or protected from disclosure. Accurate further objects on the basis that the information and documents sought by this Request is duplicative of previously served and responded to discovery.

Notwithstanding and without waiving these objections, Accurate responds that it will produce non-privileged and non-duplicative documents, if any, that are responsive to this Request.

64.     All documents sufficient to show Accurate's actual Locate Fee per Repossession from January 1, 2009 to October 31, 2015 as referred to on page 29 of the Jesse David expert report.

**RESPONSE**: Accurate objects to this Request on the grounds that it is overly broad in scope, and subject matter; and/or seeks documents that contain privileged attorney-client communications; that are subject to a joint defense or common interest privilege; or that are otherwise privileged or protected from disclosure. Accurate further objects on the basis that the

9

**EXHIBIT 3**                    **APP. 000041**

information and documents sought by this Request is duplicative of previously served and responded to discovery.

Notwithstanding and without waiving these objections, Accurate responds that it will produce non-privileged and non-duplicative documents, if any, that are responsive to this Request.

65.     All documents sufficient to show the number of plates scanned with Accurate's LPR Kits from September 19, 2014 to the present.

**RESPONSE**: Accurate objects to this Request on the grounds that it is overly broad in scope, and subject matter; and/or seeks documents that contain privileged attorney-client communications; that are subject to a joint defense or common interest privilege; or that are otherwise privileged or protected from disclosure. Accurate further objects on the basis that the information and documents sought by this Request is duplicative of previously served and responded to discovery.

Notwithstanding and without waiving these objections, Accurate responds that it will produce non-privileged and non-duplicative documents, if any, that are responsive to this Request. Answering further, Accurate refers to and incorporates by reference its Response to Interrogatory No. 18.

66.     All documents sufficient to show the number of plates scanned with Accurate's LPR Kits prior to September 19, 2014 that were not provided to DRN.

**RESPONSE**: Accurate objects to this Request on the grounds that it is overly broad in scope, and subject matter; and/or seeks documents that contain privileged attorney-client communications; that are subject to a joint defense or common interest privilege; or that are otherwise privileged or protected from disclosure. Accurate further objects on the basis that the information and documents sought by this Request is duplicative of previously served and responded to discovery.

10

**EXHIBIT 3**                              **APP. 000042**